Filed March 14, 1885.

No. 12,072.

THE STATE, EX REL. HORD, ATTORNEY GENERAL, *v.* THE
BOARD OF COMMISSIONERS OF WASHINGTON COUNTY.

CONSTITUTIONAL LAW.—*Board of County Commissioners.—Inferior Courts.—
Jurisdiction.—Appeals.*—Under section 1, of article 7, of our State Con-
stitution of 1851 (section 161, R. S. 1881), it was competent for the Gen-
eral Assembly to provide by law that the board of commissioners of
each county should constitute a court of inferior jurisdiction, and to
clothe such court, as has been done, with original jurisdiction and ju-
dicial power over claims and accounts against the corporate county, and
other matters of local interest, providing for appeals from its decisions
to courts of superior jurisdiction.

PRACTICE.—*Claim against County.—Jurisdiction of County Board.—Appeal.—
Res Adjudicata.*—Under sections 5758, 5759 and 5760, R. S. 1881, in force
since May 31st, 1879, the board of commissioners of the county has exclu-
sive original jurisdiction of any claim against such county, and the de-
cision of such board either for or against such claim, if not appealed
from as provided by law, is final and conclusive, and the adjudication
may be pleaded in bar of another suit on such claim.

From the Washington Circuit Court.

*F. T. Hord*, Attorney General, for appellant.

*S. B. Voyles* and *L. C. Embree*, for appellee.

HOWK, J.—On the 5th day of June, 1884, the State of
Indiana, by the Hon. Francis T. Hord, its attorney general,
presented to and filed with the appellee, for allowance, three
separate demands, each containing "a detailed statement of
the items and dates of charge," against such appellee. Of
these demands, the first was for the aggregate sum of $1,-
282.96, the second was for the aggregate sum of $1,617.53,

State, *ex rel.* Hord, Att'y Gen., *v.* Board of Comm'rs of Washington Co.

and the third was for the aggregate sum of $146. The county board refused to allow the demands or any part thereof, and adjudged that the appellant take nothing thereby, and that the relator " pay all costs herein." From this judgment of the county board, the State, by its attorney general, appealed to the circuit court of Washington county. There the appellee by its counsel appeared and answered, in four paragraphs, the appellant's cause of action. Of these paragraphs of answer, the first was a general denial and was subsequently withdrawn; to the second paragraph, the appellant's demurrer was sustained by the court, and to the third and fourth paragraphs of answer, the appellant's demurrers for the alleged insufficiency of the facts therein were overruled by the court. The appellant refused to reply to the third and fourth paragraphs of answer; and thereupon it was adjudged that the appellant take nothing by its suit, and that appellee recover of the relator its costs herein.

The overruling of its demurrers to the third and fourth paragraphs of appellee's answer are the only errors assigned here by the appellant.

In the third paragraph of its answer, the appellee alleged that Daniel P. Baldwin, Esq., was the immediate predecessor of the relator, as attorney general of the State of Indiana, and, on June 6th, 1882, the appellant upon the relation of said Baldwin, as its attorney general, presented and filed the same claims and demands, now in suit, before the board of commissioners of Washington county; that upon such demands and items an issue was made on the day last named before such board, in regular session; that, by the consideration of such board, such items and demands were then tried and refused, and judgment was then rendered by such board, that the appellant take nothing by its suit, and that the relator, Baldwin, should pay the costs therein; that from such judgment no appeal was ever successfully taken, and such judgment was still in force; and that in the determination of the matters involved in such former suit, the matters

State, *ex rel.* Hord, Att'y Gen., *v.* Board of Comm'rs of Washington Co.

and demands now in suit were fully and finally adjudicated and settled.    Wherefore, etc.

In the fourth paragraph of its answer, the appellee alleged that, on December 4th, 1883, appellant, upon the relation of Francis T. Hord, Esq., its attorney general, presented and filed the same claims, items and demands, now in suit, before the board of commissioners of Washington county, for allowance and payment; that on such claims, items and demands, an issue was formed on the day last named before such board in regular session; that, after trial and hearing, such board rendered judgment of record, which stood unappealed from and unreversed, that the appellant take nothing by its suit, and that the relator pay the costs therein; and that upon such hearing of said cause, on the day last named, the same claims, items and demands, now in suit, were fully and finally considered, adjudicated and set at rest.    Wherefore, etc.

The only objections which can be urged, with any degree of plausibility, to these paragraphs of answer, are, that under the laws of this State a board of county commissioners is not a court, or that, if a court, it can not sit in judgment upon a claim against the county, because, in its corporate capacity, the board is the county.    Both these objections are strenuously urged upon our consideration, in the case in hand, and have been ably and elaborately discussed by the learned attorney general, in his exhaustive brief of this cause.    It seems to us too late to claim that the board of commissioners of a county is not, in this State, a court.    In section 1, of article 7, of the Constitution of 1851 (section 161, R. S. 1881), it is declared that " The judicial power of the State shall be vested in a Supreme Court, in circuit courts, and in such inferior courts as the General Assembly may establish." On March 14th, 1881, this section was amended by omitting the word "*inferior*," where it occurs, and by substituting, in its place, the word "*other*."    In the first session of the General Assembly, after the adoption of the Constitution of 1851, largely composed of members of the convention which

framed the Constitution, provision was made by law for the organization in each county of a board of commissioners of the county, and by that and other laws, then and since passed, such boards have been clothed with original jurisdiction and judicial power over a large class of cases, materially affecting the local interests of the people, so that they have become the most important courts of inferior jurisdiction in the State. Especially was the board of commissioners clothed with jurisdiction to hear and decide upon all claims and accounts chargeable against its county; and from the decisions of such board upon any such claims, provision was made by law for appeals to the circuit court of the proper county. Sections 5771 and 5772, R. S. 1881. It is true that under section 5771, if a claim was disallowed, in whole or in part, the claimant might appeal, or, at his option, bring an action against the county. *Jameson* v. *Board, etc.,* 64 Ind. 524, and cases cited.

This provision of section 5771, however, was repealed by necessary implication, by "An act regulating the presentation of claims against counties in the State of Indiana, before the board of county commissioners, and the adjudication of the same," approved March 29th, 1879. This act took effect on the 31st day of May, 1879, and is still the law of this State. Sections 5758, 5759, 5760 and 5769, R. S. 1881. Section 5758 provides, in effect, that every claim against a county must be presented to its board of commissioners. Section 5759 requires the county commissioners to examine into the merits of all claims so presented, and, in their discretion, to allow any claim in whole or in part, if they find it to be just and owing. Section 5769 provides that any person or corporation, feeling aggrieved by any decision of the board of county commissioners upon any such claim, may appeal to the circuit court of such county, as provided in section 5773, in force since May 6th, 1853. And section 5760 provides that no court shall have original jurisdiction of any claim against any county in this State, in any manner, except as provided for in the above entitled act of March 29th, 1879.

In *Pfaff* v. *State, ex rel.*, 94 Ind. 529, it was held by this court, and correctly so, we think, that under the provisions of the aforesaid sections 5758, 5759, 5760 and 5769, R. S. 1881, the board of commissioners of each county has exclusive original jurisdiction of every legal claim against such county, that every such claim must be presented to such board for allowance, and that no other court can acquire jurisdiction of the claim except by appeal from the judgment of the county board. From the earliest organization of the board of county commissioners, this court has always considered such board a court of inferior or limited jurisdiction, and has uniformly held that the decisions and judgments of such board, in causes or proceedings whereof it had jurisdiction, however erroneous they might be, were not void, and were not the subjects of collateral attack. In *Snelson* v. *State, ex rel.*, 16 Ind. 29, it was argued by the appellee that certain judgments of the county board, allowing claims against the county, were void for want of jurisdiction, because the claims so allowed were not chargeable against the county. In answering this argument the court said : " But whose province and duty was it to judge whether the accounts were chargeable against the county ? Clearly that of the board. If they decided that question wrongly, they committed an error of judgment, but did not usurp an unconferred jurisdiction. If the account was properly chargeable against the county, it is clear that the action of the board would be conclusive, unless appealed from. Now the argument * * * proves too much. It proves that when the board decides correctly upon the liability of the county, the decision is conclusive ; but when it errs in that respect, its decision is a nullity, and not merely erroneous : that the board has jurisdiction to decide right, but no jurisdiction to decide wrong."

In *Board, etc.*, v. *Gregory*, 42 Ind. 32, the court said : " We have, after much reflection and upon mature consideration, reached the conclusion that the board of commissioners, in acting upon claims against the county, act in a judicial ca-

pacity, and that their decisions are conclusive and binding, alike upon the county and the claimant, unless appealed from, or an independent action is brought against the county where the claim is disallowed." Of course, as we have seen, under the statute now in force, an "independent action" is no longer allowable, but the only remedy of the claimant, where his claim is disallowed, is now an appeal to the circuit court of the county. Section 5769, R. S. 1881. If no such appeal is taken, the decision of the county board disallowing his claim is now conclusive and binding against the claimant. But we need not extend this opinion in the citation of authorities for the purpose of showing that in this State, under its Constitution and laws, the board of commissioners of a county is a court of inferior or limited jurisdiction. See Ind. R., *passim.*

We are of opinion, also, that the former adjudications of the claims now in suit, pleaded by the appellee in bar of the present suit, were not void by reason of the fact that the same men who constituted the court also constituted, in their corporate capacity, the corporation county. If the appellant felt itself aggrieved by either of the adjudications, it had as full and complete a remedy as any other suitor, by an appeal to the circuit court of the county and by change of venue from the county. Not having taken an appeal from either of the former adjudications of its claim within the time limited by law, the State of Indiana, like any other claimant, must be held, we think, to be concluded and bound by such former judgments. When the State becomes a suitor in any of the courts, it is as much bound by the laws of the land, by the rules of pleading and practice, and by the decisions and judgments of the courts, inferior or superior, as any other suitor.

We conclude, therefore, that the court committed no error in overruling the demurrers to the third and fourth paragraphs of answer.

The judgment is affirmed, with costs.

Filed March 19, 1885.