The Board of Commissioners of Fulton County *v.* Maxwell.

Filed June 10, 1885.

---

No. 12,002.

THE BOARD OF COMMISSIONERS OF FULTON COUNTY *v.* MAXWELL.

COUNTY COMMISSIONERS.—*Claims Against County.*—*Exclusive Original Jurisdiction of County Board.*—*Repeal of Act by Implication.*—The act of 1852 (section 5771, R. S. 1881), providing that a claimant might either appeal from the decision of the board of county commissioners disallowing his claim, or bring an original action against the county, was repealed by implication by the act of 1879 (Acts 1879, p. 106), and the only manner in which the circuit court can acquire jurisdiction of such a claim, whatever its nature, is by appeal from a decision of the board.

From the Fulton Circuit Court.

*I. Conner, D. Turpie* and *J. Rowley,* for appellant.
*M. L. Essick* and *G. W. Holman,* for appellee.

BLACK, C.—The appellee sued the appellant in the Fulton Circuit Court to recover damages for injury to his property caused by the breaking down of a public bridge across a creek, on a highway in said county, in July, 1883, the breaking of the bridge having been occasioned by its defectiveness, through the negligence of the defendant.

It was alleged in the complaint that the plaintiff filed his claim for said injury with the auditor of said county, who presented it to the board of commissioners of said county, and that said board, at its September term, 1883, disallowed said claim and wholly rejected it.

A demurrer to the complaint was overruled. An issue of fact was formed, upon the trial of which there was a verdict for the plaintiff, on which judgment was rendered.

It was assigned in the demurrer, as one of the grounds thereof, that the court had no jurisdiction of the subject of the action. By a statute of 1852 (section 5771, R. S. 1881), it was provided that if a claim were disallowed by the board of county commissioners, in whole or in part, the claimant might appeal, or, at his option, bring an action against the county.

The appellee's claim having been disallowed by the county board, he, proceeding upon the assumption that this statutory provision was still in force, did not appeal from the decision of said board, but brought an original action in the circuit court against the county by its corporate name.

But in 1879 the General Assembly enacted a statute concerning claims against counties, providing for the filing thereof with the county auditor and the presentation thereof by him to the board of county commissioners. The third section of said statute (Acts 1879, p. 106; section 5769, R. S. 1881) provides: "Any person or corporation, feeling aggrieved by any decision of the board of county commissioners, made as

hereinbefore provided, may appeal to the circuit court of such county, as now provided by law."

The next section of said statute, being section 5760, R. S. 1881, provides: "No court shall have original jurisdiction of any claim against any county in this State, in any manner, except as provided for in this act."

The only court to which original jurisdiction is given by said act is the board of county commissioners. The privilege given by said act of 1852 (section 5771, R. S. 1881) to the claimant, of bringing an original action against the county upon his claim disallowed by the board of county commissioners, instead of appealing from the decision of the board, was repealed by implication by said act of 1879; and the only manner in which the circuit court can acquire jurisdiction of such a claim, whatever its nature, is by appeal from a decision thereon of the board of county commissioners. *Pfaff* v. *State, ex rel.*, 94 Ind. 529; *State, ex rel.*, v. *Board, etc., ante,* p. 69.

The court, because it had not jurisdiction of the subject of the action, erred in overruling the demurrer to the complaint.

PER CURIAM.—Upon the foregoing opinion the judgment is reversed, at the costs of the appellee, and the cause is remanded, with instructions to sustain the demurrer to the complaint.

Filed April 10, 1885.