JOHN L. MEANS, PLAINTIFF IN ERROR, v. W. H. WEBSTER ET AL., DEFENDANTS IN ERROR.

County Treasurer: NEGLECT TO REGISTER WARRANTS. A county treasurer is not liable for the penalty provided by section 12 of chapter 93, Compiled Statutes of 1885, for the failure to register a county warrant presented to him for such registration, prior to the expiration of ten days after it is issued, that time being given in which an appeal may be taken by a taxpayer, and within which the county clerk is prohibited from delivering the warrant.

ERROR to the district court of Merrick county. Tried below before POST, J.

O. A. Abbott, for plaintiff in error.

John Patterson and J. W. Sparks, for defendants in error.

REESE, CH. J.

This action was instituted under section 12 of chapter 93, Compiled Statutes, 1885, on the bond of the principal

JANUARY TERM, 1888. 433

defendant in error, who was county treasurer, to recover the penalty provided for by said section for the failure to register a county warrant, on the bridge fund, of Merrick county, in the order of its presentation.

The answer admits that the principal defendant was county treasurer, as alleged in the petition, and alleges that the warrants referred to were presented to him, for registration, as alleged; and that registration was refused because the ten days from the allowance and issuance of the warrants had not elapsed, as provided by section 33 of chapter 18 of Compiled Statutes of 1885, and because the warrants had not been legally delivered to plaintiff, and were not lawfully in his possession, and could not be presented for registration and commence drawing interest against the county until the expiration of the ten days in which an appeal from the issuance of the warrant might be taken by a tax-payer. There are other allegations in the answer, which need not be noticed.

From the record before us it appears that the warrant referred to was issued on the 15th day of December, 1885, and had endorsed thereon the following: "This warrant and two of the same amount and same date were issued in lieu of warrant of $1,800, issued November 11, 1884."

A warrant for $1,800 had been issued to plaintiff, at the time mentioned in the endorsement above quoted, but the payment thereof had been suspended by certain injunction proceedings in the suit of *Brown v. Merrick County*, reported in 18 Neb., 355. Upon the dissolution of the injunction and the dismissal of that action, the board of county commissioners of Merrick county, on the 15th of December, 1885, ordered that, in lieu of the warrant number 27, for $1,800, which was canceled, by order of the district court in the case above referred to, three warrants of $600 each be issued to plaintiff. These warrants being delivered to plaintiff on that day, he on the same day presented one of them to the principal defendant, who was

28

county treasurer, for registration, tendering the fee for the same. On the 22d day of the same month, the same presentation and tender were again made.

A trial was had in the district court, which resulted in a verdict and judgment in favor of defendants. Plaintiff alleges error, and brings the case into this court for review.

A number of questions are presented, but as we view the case the only one requiring a decision is, whether or not defendants could be made liable for the penalty imposed by section 12 of chapter 93, Compiled Statutes, on account of a refusal to register before the expiration of ten days after the issuance of the warrant.

Section 33 of chapter 18 provides that, " Upon the allowance of any claim or account against the county, the county board shall direct the county clerk to draw a warrant upon the county treasurer in payment thereof, such warrant to be signed by the chairman of the county board, countersigned by the county clerk, and sealed with the county seal, but the same shall not be delivered to the party until the time for an appeal has expired, and if such appeal be taken, then not until the appeal shall have been determined."

By section 38 of the same chapter, it is provided that, "Any tax-payer may appeal from the allowance of any claim against the county, by serving a notice within ten days, and giving a bond, conditioned for the faithful prosecution of such appeal, and the payment of all costs which shall be adjudged against him."

It is insisted upon the part of plaintiff that the issuance of the warrant for six hundred dollars was not " an allowance" of a claim, or account against the county, and therefore there could be no appeal therefrom, and hence the warrant might be delivered as soon as issued, and was entitled to registration as soon as delivered. While there is considerable force in this argument, yet we are inclined to the belief that it cannot be sustained. The warrant for $1,800 was ordered to be issued on the 11th of November,

1884. The action of Brown against the county commis-sioners of Merrick county, reported in the 18th Neb., 356, was brought to enjoin them from issuing the warrant, and the treasurer from paying it; and for the purpose of hav-ing the contract between the plaintiff and the county, for the construction of a bridge, dated September 20, 1884, declared null and void. The question as to whether or not the commissioners had allowed plaintiff more than he was entitled to under his contract, was not presented or adjudicated in that case. Whether or not the warrant had been actually delivered to plaintiff, does not appear by this record. At all events, the judgment of the district court was, that it should be canceled, which was actually done. On the 15th of December, 1885, three warrants were issued in its stead.

It is the opinion of all the members of the court that an appeal might have been taken from the action of the com-missioners of that day, and therefore plaintiff was not en-titled to possession of the warrants until the expiration of ten days thereafter, which would be the 25th of December The warrant was presented, showing upon its face that it had been issued on that day; it was again presented on the 22d. In the refusal of defendant to register the warrant, he acted only with that degree of prudence which an officer should exercise when in doubt as to his duty, and cannot, therefore, be held to be liable for the penalty imposed by the section above referred to. It is very clear that there could be no recovery in this case, should the judgment of the district court be reversed for other reasons.

The judgment upon the merits of the case being right, it must be affirmed, which is done.

JUDGMENT AFFIRMED.

THE other judges concur.