Spence *et al. v.* The Board of Commissioners of Owen County.

## No. 11,823.

## SPENCE ET AL. *v.* THE BOARD OF COMMISSIONERS OF OWEN COUNTY.

TENDER.—*Verdict.—Waiver.*—A plaintiff can not complain that a verdict in his favor is less than a sum tendered by the defendant, where he fails at the trial to introduce any evidence of the tender.

SAME.—*Instruction to Jury.*—A plaintiff can not complain of the failure of the court to instruct the jury to return a verdict in his favor for the amount of a tender which he contends was not well pleaded and of which no evidence was given to the jury.

CONTRACT.—*Change in Work to be Performed.—Damages.*—A party to a written contract can not recover damages resulting from a change in the work to be performed by him under such contract, when the change is made at his request and for his benefit.

SAME.—*Extra Work.—Fault of Contractor.*—A party who has contracted to construct abutments and piers for a bridge can not recover for extra work caused by defective coffer-dams unskilfully constructed by him.

SAME.—*Construction of Written Contract.—Instruction to Jury.*—An instruction imposing upon the jury the duty of construing a written contract, or giving them authority to do so, is erroneous.

PRACTICE.—*Exclusion of Testimony.—Reserving Question Upon.*—The exclusion of testimony can only be made available by asking some pertinent question of a witness on the stand, and, if objection be made, stating to the court what testimony the witness will give in answer to the question.

SAME.—*Subsequent Introduction of Excluded Evidence.—Error Cured.*—If evidence offered by the plaintiff in chief is excluded, but is afterwards introduced in contradiction of a witness for the defence and goes to the jury without any instruction limiting it to the matter of impeachment, its exclusion when first offered is a harmless error.

SAME.—*Motion not Well Taken as a Whole.*—There is no available error in overruling an objection or a motion which is not well taken as a whole.

INSTRUCTION TO JURY.—*Inapplicability to Evidence.*—It is not error to refuse to give an instruction where no evidence is before the jury to which it is applicable.

COSTS.—*County Commissioners.—Appeal from Allowance by.—Repeal of Statute.*—The provision of section 5771, R. S. 1881, that if a party appealing from an allowance by the board of county commissioners fails to recover more on the appeal than is allowed by the board, he shall pay the costs of the appeal, was not repealed by the act of 1879 (Acts 1879, p. 106).

SAME.—*Immaterial Error.*—Where the circuit court adjudges the costs as

contemplated by the statute, the method by which it reaches that con-
clusion, whether by considering evidence of a tender or otherwise, is
immaterial.

From the Owen Circuit Court.

*J. C. Robinson, I. H. Fowler, J. H. Jordan* and *O. Mat-
thews,* for appellants.

*W. Hickam, D. E. Beem* and *G. W. Grubbs,* for appellee.

ZOLLARS, J.—Appellants filed a claim against Owen county,
before the board of commissioners of that county. From an
allowance in their favor they appealed to the Owen Circuit
Court. Upon a change of venue the case was taken to the
Morgan Circuit Court, from which court this appeal was
taken. In that court appellants filed an amended complaint.

The first and second paragraphs are based upon a written
contract with the board of commissioners of Owen county
for the construction of abutments and piers for a bridge
across White River, and allege a completion of the work and
a refusal on the part of the county to pay the contract price.
The seven paragraphs which immediately follow the second
are based upon the same written contract.

The grounds upon which the plaintiffs ask a recovery, as
stated in those paragraphs, in brief, and without being specific,
are, that, according to the plans and specifications given to
the bidders for the work for inspection, and according to the
contract subsequently entered into by the plaintiffs and de-
fendant, the plaintiffs were to erect 1,900 cubic yards of
masonry, and place 500 cubic yards of riprap; that the ma-
sonry, without the consent of the plaintiffs, was reduced to
980 cubic yards, and the riprap increased to 1,500 cubic
yards; that those changes deprived the plaintiffs of profits
which they would have made, and made necessary expendi-
tures which they would not otherwise have been required to
make; that the defendant delayed the work to the damage of
the plaintiffs; that, by the plans and specifications, the de-
fendant represented that there was a rock upon which one of

the piers could be made to rest; that there was no such rock, but, on the contrary, there was quicksand where the rock was represented to be, and that the absence of the rock and presence of the quicksand destroyed profits which the plaintiffs would have made, and increased expenditures on their part.

The tenth paragraph is a common count for work and labor, materials and expenditures. The bills of particulars accompanying the paragraph show that the work and labor done, the materials furnished and expenditures made were in and about the construction of one of the piers mentioned in the other paragraphs, and on account of the work being stopped and delayed by the defendant.

The court below overruled a demurrer to the third paragraph of the defendant's answer. That ruling is assigned here as error.

It is contended by counsel for the plaintiffs that the answer is bad, because it purports to be an answer to the whole complaint and is but an answer to the first nine paragraphs. We have examined the answer carefully and critically, and are well satisfied that the objection thus urged is not well taken. No good purpose would be accomplished by setting out the answer in full, or saying more upon this branch of the case.

It is averred in the answer that before the commencement of the action the defendant paid to the plaintiffs ———— dollars, which was all that was in any way due to the plaintiffs at the time the action was commenced, except the sum of $171.

The leaving of blanks is an awkward and careless way of pleading, but in this case, taking all of the averments of the answer together, they amount to an allegation that $171 was all that was in any way due to the plaintiffs from the defendant at the time the action was commenced.

The other objections urged to the answer have reference to the allegations of a tender made while the claim was pending in the commissioners' court. As the answer would be sufficient with all the averments in relation to a tender

eliminated, it will not be necessary, in this connection, for us to consider the objections urged and argued by counsel.

Error is also assigned upon the overruling of appellants' motion for a new trial. It is contended, in the first place, that the amount of recovery assessed by the jury is too small. The jury returned a verdict for the plaintiff in the sum of $171. Counsel for appellant contend that the verdict should have been for $300, at least, as that was the amount tendered, and thereby admitted to be due. It is a sufficient answer here to observe, that there was no evidence at all given to the jury of any tender. The jury could act upon nothing except the evidence before them. Whatever weight or effect the tender ought to have in the final disposition of the case, if any tender was made, it must be clear that the verdict of the jury should not be overthrown, nor even called in question as being unsupported by the evidence, because there may have been evidence which was not brought forward at the trial.

Appellants' counsel further contend that a new trial should have been granted below, and that the judgment should now be reversed by this court, on account of an alleged error of the court below in excluding certain testimony.· It is stated in a bill of exceptions that appellants " offered to prove as evidence in chief, by Reuben Galloway and other named witnesses, each of whom was a competent witness, and each of whom was called and offered as a witness for such purpose at the proper time," that while they, the appellants, were engaged in the doing of what they regarded as extra work, Galloway inquired of A. B. Fitch, who, they contend, was the engineer in charge of the work, and the agent of the county board, as to who was to pay for the extra work, and that he said : " Go on and do the work as I tell you, and we will make it all right with you." The bill further recites that the testimony was excluded.

It is contended on the part of appellants that the relations of Fitch to the county board were such that his statements

and promises would bind it, and that, therefore, the testimony was competent. On the other hand, it is contended by counsel for appellee that Fitch had no authority to bind the county board, and that for that reason the offered testimony was incompetent. They further contend, that, if it should be conceded that the testimony was wrongfully excluded, the error was rendered harmless by a subsequent admission of the same testimony.

The record really presents no question as to the competency or exclusion of the testimony. It may be said here, as was said in the case of *Higham* v. *Vanosdol*, 101 Ind. 160, that it does not appear that any question was asked the witnesses and objected to by the defendant; nor does it appear what the witnesses would have testified to, or whether they would have testified to anything concerning the proposition which was made. It was said in that case, that the exclusion of testimony can only be made available by asking some pertinent question of a witness on the stand, and, if objection is made, stating to the court what testimony the witness will give in answer to the question proposed.

It may well be said here, too, as contended by counsel for appellee, that the subsequent admission of the testimony rendered harmless any error that there may have been, if any, in its exclusion.

Upon the cross-examination of Fitch by appellants' counsel he testified that Galloway did not ask him who would pay for the extra work, and that he did not say to Galloway, " Go on and do the work as I tell you, and we will make it all right."

Appellants then called their witnesses, who testified that, in response to the question by Galloway, Fitch said to him: " Go on and do the work as I tell you, and we will make it all right."

It is true that the testimony came in the way of a contra-

diction of the testimony of Fitch, but it went to the jury just as fully as if it had been admitted in the first instance.

Where testimony is once excluded, and is afterwards admitted as impeaching testimony, the court, to be consistent, should limit it to the latter purpose by a proper instruction to the jury. That was not done in this case. The jury were in no way instructed that the testimony should be limited to any one purpose, and were left to give it such weight in the case as they might see fit. They, doubtless, considered it as bearing upon the merits of the controversy, just as they would have done had it been admitted in the first instance.

If the testimony was competent, a question we need not and do not now decide, it should have been admitted when first offered; but inasmuch as it finally went to the jury without any limit placed upon its application by an instruction of the court, we think the case falls within that section of the code which provides that the court must, in every stage of the action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and that no judgment can be reversed or affected by reason of such error or defect. Section 398, R. S. 1881; *Rawson* v. *Pratt,* 91 Ind. 9.

Appellants' counsel assail each and all of the instructions given by the court. First in the order of the argument is the second given at the request of the defendant. The substance of that instruction is, that if there was any change in the work, as described in the written contract, by the defendant, without the consent of the plaintiffs, they would be entitled to recover whatever damages they might have suffered by reason of such change; that, on the other hand, if changes were made at the instance and request of the plaintiffs, and for their benefit, they would not be entitled to damages by reason of such change. Clearly, a party to a written contract can not recover damages resulting from a change in the work to be performed under such contract, when such change is made at his request, and results beneficially to him.

It is said that the instruction ignored the tenth paragraph of the complaint, which was a common count for labor and materials, and the admission of the amount due as made by the tender set up in the third paragraph of the answer. In answer to that, it is sufficient to say, in the first place, that the instruction related wholly to damages resulting from a change in the work described in the written contract. In the second place, the bill of particulars filed with the tenth paragraph of the complaint, as already stated, shows that the work and materials therein mentioned are such as were made necessary by the alleged change in the work, as set out in the other paragraphs. And in the third place, there was no evidence at all before the jury of any tender.

In their argument upon the third paragraph of the answer, counsel for appellants contend that no sufficient and legal tender is shown by the plea to have been made. They can not, therefore, with much propriety, insist that the court should have instructed the jury to return a verdict for the amount of a tender which they contend was not well pleaded, and of which no evidence was given to the jury. And finally, the instruction as given was correct, and if any further charge in relation to a tender could by any possibility have been proper, it was the duty of appellants to have asked it, and to have submitted such an one as they desired to be given.

It is contended on the part of appellants that their bid for the work was made upon a profile on file with the auditor, and that, therefore, that profile became a part of the contract. The contention on the part of appellee is to the contrary. There is evidence in the record tending to sustain the contentions of both sides as to the profile being on file with the auditor, and the relations of the bids to the same. Upon that branch of the case the court, in the third instruction asked by the defendant, charged the jury that, from the evidence before them, it was their duty to determine what constituted the contract entered into by the parties;

that it was their duty to determine from the evidence whether or not the profile became a part of the contract; that, in order that the profile should become a part of the contract, it must have been attached to it, and marked as a part of the contract, or it must have been exhibited by the defendant at the time the contract was made, as the plan of the work to be done. The instruction, we think, is erroneous, for the reason that it gave to the jury authority to construe a written contract, and imposed upon them the duty of so doing. But the error was to the injury of the defendant and in no way prejudicial to appellants.

As we have seen, nine paragraphs of the complaint rest upon a written contract between appellants and the county board. Attached to, and as a part of, that contract, are full plans and specifications for the work. The answer admits the execution of that contract. All prior negotiations and agreements must be regarded as merged in the consummated written contract. That is the contract, and the only contract, between the parties, and its construction was a question of law for the court, and not for the jury. Whether or not the actions and declarations of the defendant in respect to any profile might form a basis for a reformation of the contract, is a question in no way before us, and about which we express no opinion. It is sufficient here, that no profile was, in any way, made a part of the contract.

We discover no valid objection to the fourth instruction given upon the request of the defendant.

The fifth instruction given upon the defendant's request was so favorable to appellants as to leave them no ground of complaint. If there is any just ground of complaint it is on the part of the defendant. Under it the jury might have determined what the contract was, and given it an interpretation, and also assessed damages in favor of appellants on account of a reduction of the amount of masonry without their consent.

We can discover no stipulation in the contract that the

masonry to be constructed should consist of a specified number of cubic yards. There having been no rock or shale upon which to erect one of the piers, as the contract seems to have contemplated, may have resulted in the reduction of the cubic yards of masonry in that pier; but, as we have before stated, the contract does not otherwise provide for a definite number of cubic yards. It is said by counsel that appellants may have been entitled to recover extra pay because of the reduction of the amount of masonry, although such reduction may have been made with their consent, and that the instruction does not embrace such a right of recovery. If appellants had, or might have had, such a right of recovery, and the instruction was not full enough in that regard, their counsel should have submitted an instruction covering the point.

The eighth instruction given upon the request of the defendant is also objected to. We have examined the instruction carefully, and deem it sufficient to say that it was more favorable to appellants than they had a right to ask.

By the ninth charge, also asked by the defendant, the court did nothing more than to impose upon the plaintiffs the burden of proving what they alleged in their complaint.

The tenth instruction given at the request of the defendant should be considered in connection with instruction one asked by appellants. When thus considered it involves no inaccuracy or error that would justify this court in reversing the judgment.

As to the instructions given by the court upon the right of the jury to weigh the testimony and judge of the credibility of the witnesses, although they perhaps go to the verge of the correct rule, we can not say that they involve errors for which the judgment should be reversed.

By the fourth of the court's charges, the jury were correctly instructed that the plaintiffs could not recover for extra work caused by defective coffer-dams unskilfully constructed by them.

The court refused instruction three asked by appellants, but gave it with a modification.    The instruction related to the effect of a tender by the defendant.    It is claimed that the court erred in refusing and in modifying the instruction. All that needs to be said here is, that there was no evidence of a tender before the jury, and hence no evidence to which the charge was applicable.    It is not error to refuse an instruction in such a case.

There are still other objections made to some of the instructions, all of which we have considered carefully.    We do not, however, think that it would be profitable for us to further extend this opinion in specifically pointing out such objections and stating in detail why we do not think that any of them is of such a serious character as to justify a reversal of the judgment.    Looking to all of the instructions, we think that they fairly well presented the case to the jury.

The court below rendered judgment on the verdict of the jury in appellant's favor for $171, and adjudged the costs of the action against them.

Appellants objected to the judgment for costs, and moved to modify and change it, so that all of the costs should be adjudged against the defendant.

Over their objection, and for the purpose, it is said, of determining the question of costs, the court heard testimony, adduced for the purpose of showing that prior to the appeal to the circuit court the defendant tendered to appellants, in full of all of their demand, $300 in money, and the county auditor's receipt for all costs up to the time of the tender. Appellants' counsel contend that the court erred in adjudging the costs of the action against them, in hearing the testimony in relation to the tender, and in refusing to modify the judgment.

Their argument is, that the court had no right or authority to hear such testimony after the return of the verdict and the discharge of the jury, and that the testimony so heard did not establish a valid and legal tender.

The statute governed the costs on appeal, and hence it is not material whether there was a tender or not, nor as to the methods by which the court reached the conclusion that the costs should be taxed against appellants.

The act of 1852 (R. S. 1881, section 5771) provides that, from all decisions for allowances by the county board, etc., an appeal may be taken within thirty days to the circuit court, and that if the appealing party do not recover more on the appeal than is allowed, he shall pay the costs of such appeal.

The section originally provided, also, that if a claim should be disallowed in whole or in part, the claimant might, at his option, bring an action against the county. That provision of the section was repealed by implication by the act of 1879. Acts 1879, p. 106. But that act did not repeal that portion of the section in relation to the costs on appeal; on the contrary, it was provided in that act that appeals might be taken to the circuit court " as now provided by law."

The act of 1885 (Acts 1885, p. 80) was passed after the judgment in this case was rendered, and hence could in no way affect it. That act is an amendment of the act of 1879, and contains a provision about costs, the same as that contained in section 5771, *supra;* but that is not sufficient to show that section 5771, so far as it relates to costs, was repealed by the act of 1879.

The cases of *State, ex rel.,* v. *Board, etc.,* 101 Ind. 69, and *Board, etc.,* v. *Maxwell,* 101 Ind. 268, decide nothing more than that the act of 1879 repealed so much of section 5771 as authorized a claimant to commence an action in the circuit court upon his claim being disallowed in whole or in part by the county board.

The county board in this case allowed upon appellants' claim $300, which, of course, carried costs up to the time of such allowance. Appellants did not recover that much upon the appeal, and hence, under the statute, the costs upon the appeal should have been, and were, taxed against appellants.

As to such costs the question of a tender becomes entirely immaterial.

The court, in adjudging costs against appellants, doubtless acted upon the assumption that the costs accrued in the commissioners' court, except as connected with the appeal, had been paid, and were no further to be considered.

If, however, it can be said that the judgment is broad enough to cover those costs, and that, as to them, appellants are entitled to relief, a reversal of the judgment would not follow.

Upon a proper record this court might order a modification of the judgment as to the amount of such costs. But the record is not in a condition to order such a modification. The only way by which the question could be raised below was by an objection to the judgment and a motion to modify it as to costs.

Appellants made an objection and a motion to modify, but both the objection and motion are too broad. By both the objection and the motion appellants asked that all of the costs, including those made upon the appeal, should be taxed against the defendant. It has been many times decided that there is no available error in overruling an objection or a motion where it is not well taken as a whole. See *Wolfe v. Pugh*, 101 Ind. 293.

After a patient examination of the record and the numerous questions discussed by counsel, we find no error which would justify us in overthrowing the judgment.

Judgment affirmed, with costs.

Filed Nov. 15, 1888; petition for a rehearing overruled Jan. 23, 1889.