Maxwell v. The Board of Commissioners of Fulton County.

No. 13,538.

## MAXWELL v. THE BOARD OF COMMISSIONERS OF FULTON COUNTY.

COUNTY COMMISSIONERS.—*Judgment of.*—The judgment of the board of county commissioners, upon a matter of which it has jurisdiction, is as binding upon the parties as the judgment of any other court.

SAME.—*Appeal.*—*Res Judicata.*—Where a claim, filed before the board of county commissioners for damages sustained by reason of a defective bridge, was rejected in 1883, the only remedy of the claimant, under the law then in force, was by appeal from the judgment.

SAME.—*Presentation of Claims.*—*Act of 1885.*—*Retrospective Effect.*—Statutes must be construed as having a prospective operation, unless a different intention is apparent; as no such intention is shown by the act of 1885 (Acts of 1885, p. 80), relating to the presentation of claims against counties, it can not be given a retrospective effect.

SAME.—*Right of Trial by Jury.*—*Constitutional Guaranty.*—*Onerous Condition.*—The act of March 29th, 1879, requiring all claims against counties to be filed and adjudicated before the board of commissioners, is not in conflict with the constitutional provision guaranteeing the right to a trial by jury because it requires the claimant, upon the rejection of his claim, to give bond for costs in order to appeal to the circuit court, where a trial by jury may be had.

From the Fulton Circuit Court.

*M. L. Essick, G. W. Holman, J. Morris, R. C. Bell* and *S. L. Morris,* for appellant.

*J. Rowley* and *M. A. Baker,* for appellee.

COFFEY, J.—This cause was commenced and tried in the Fulton Circuit Court, resulting in a judgment for the appellant, from which an appeal was taken to this court, where the judgment was reversed. See *Board, etc.,* v. *Maxwell,* 101 Ind. 268.

After the cause was remanded to the court below it was dismissed by the appellant, and on the 17th day of March, 1886, he commenced this action.

The complaint charges that while driving over one of de-

fendant's bridges, with a portable engine, on the 23d day of July, 1883, said bridge broke down, precipitating the wagon, team and said engine, the property of the plaintiff, into the stream over which said bridge was constructed, whereby the same was greatly injured, to the plaintiff's damage ; that said bridge was out of repair, and defendant, having notice thereof, negligently failed to repair the same, by reason of which said injury occurred without the fault or negligence of the plaintiff.

The defendant filed an answer in three paragraphs to this complaint. The first and second were subsequently withdrawn, leaving the third paragraph as the only answer on file. This answer alleges that the identical claim set out in the complaint was filed with the auditor of Fulton county at the September term, 1883, of the board of commissioners of said county. That said claim was tried before said board of commissioners, and was rejected and disallowed by them, which judgment of rejection and disallowance still remains of record unappealed from.

The plaintiff filed a demurrer to this answer, alleging as cause that the same did not state facts sufficient to constitute a defence to the plaintiff's complaint.

The demurrer was overruled by the court, to which ruling the plaintiff excepted, and the defendant had judgment for costs. From this judgment the plaintiff appeals to this court, and assigns for error the overruling of his demurrer to said answer.

It is settled in this State that the board of commissioners is a court of limited jurisdiction, and that in passing upon claims presented to it it acts in a judicial capacity. *Board, etc.*, v. *Gregory*, 42 Ind. 32 ; *State, ex rel.*, v. *Board, etc.*, 101 Ind. 69.

Its adjudications in matters over which it has jurisdiction are as binding upon the parties as the adjudications of any other court. The board of commissioners of Fulton county had exclusive jurisdiction over this claim, and its adjudi-

cation upon it was, at the time it was made, binding upon all the parties. *Board, etc.,* v. *Maxwell, supra ; State, ex rel.,* v. *Board, etc., supra.*

Section 5771, R. S. 1881, was repealed by an act regulating the presentation of claims against counties in the State of Indiana before the board of county commissioners, and the adjudication of the same, approved March 29th, 1879 ; so that at the time the board of commissioners of Fulton county entered its judgment disallowing this claim, the only remedy of the appellant, if he felt himself aggrieved, was by appeal to the circuit court.

The appellant argues that, conceding this to be true, still, under the provisions of section 3 of the act of 1885, Acts of 1885, page 80, he may maintain this action. The contention is that this act has a retrospective operation, and hence that it applies to this case.

It may be conceded that many acts of the Legislature have a retrospective operation, but they are generally acts legalizing past proceedings, acts of relief, of pardon, or of indemnity ; acts which mitigate the malignity of an offence, or mollify the rigor of the criminal law. Statutes must be construed as having a prospective operation, unless a different intention is apparent. *Hopkins* v. *Jones,* 22 Ind. 310 ; *Pritchard* v. *Spencer,* 2 Ind. 486 ; *Flinn* v. *Parsons,* 60 Ind. 573.

There is nothing in the act in question indicating that the Legislature intended that it should have a retrospective operation. We think it applies to claims filed and adjudicated after its passage, and to no others.

The court did not err in overruling the demurrer of the appellant to the answer of the appellee.

Judgment affirmed.

Filed Jan. 23, 1889.

Maxwell *v.* The Board of Commissioners of Fulton County.

## ON PETITION FOR A REHEARING.

COFFEY, J.—An earnest petition for a rehearing in this cause is filed, and argued in an able brief. It is insisted that the act of the General Assembly, approved March 29th, 1879, which required all claims against the counties in this State to be filed and adjudicated before the board of commissioners, was unconstitutional, for the reason that it authorized one of the parties to the suit to pass upon the case, and deprived the other party of the right of trial by jury, unless he was able to give bond for costs and appeal to another court. It is claimed that the Legislature had no power, under our Constitution, to pass such an act.

The only limitations upon the power of the Legislature to pass laws are those imposed by the State Constitution, the Federal Constitution, and the treaties and acts of Congress adopted and enacted thereunder; and whether a statute encroaches upon the natural rights of the citizen is a legislative and not a judicial question, and the courts can not overthrow a statute upon the ground that it encroaches upon natural rights. *Hedderich* v. *State*, 101 Ind. 564. The power of the courts to declare a statute unconstitutional is a high one, is very cautiously exercised, and is never exercised in doubtful cases. *Robinson* v. *Schenck*, 102 Ind. 307.

Where the constitutionality of a statute, or of any of its provisions, is under consideration, it is and always has been the rule of this court to construe and interpret, if possible, in such manner as to sustain and not defeat the law; and it is not enough that the constitutionality of the legislation may seem to be doubtful, for in such case the benefit of the doubt must be given in favor of the constitutionality of the legislation. *Warren* v. *Britton*, 84 Ind. 14; *Campbell* v. *Dwiggins*, 83 Ind. 473; *Hays* v. *Tippy*, 91 Ind. 102; *McComas* v. *Krug*, 81 Ind. 327.

Under our State Constitution the judicial power of the State is vested in the Supreme Court and such other courts

as may be created by the Legislature. The first Legislature to meet after the adoption of our Constitution conferred upon the several boards of commissioners in the State judicial power, and they have continued to exercise such power from that day to this. They have been clothed with original jurisdiction over a large class of cases, materially affecting the local interests of the people, since June 6th, 1853, so that they have become the most important courts of inferior jurisdiction in the State. It is true that, up to the date of the passage of the act in question, a party who submitted his claim against the county to the board of commissioners had the right, if not satisfied with its adjudication of his case, to bring his suit in a court of general jurisdiction, or to appeal his cause, as he might deem best.

In the case of *State, ex rel.*, v. *Board, etc.*, 101 Ind. 69, it was expressly held that the act we are now considering was constitutional. It is insisted, however, that in that case the question now presented was not considered, and that, therefore, that case should not be regarded as settling the question that the statute was void for the reason that it deprived the parties of the free right of trial by jury.

In Cooley's Constitutional Limitations, page 507, the learned author, in discussing the question of the right of trial by jury, says: "The party is therefore entitled to examine into the qualifications and impartiality of jurors; and to have the proceedings public; and no conditions can be imposed upon the exercise of the right that shall impair its value and usefulness. It has been held, however, in many cases, that it is competent to deny to parties the privilege of a trial in a court of first instance, provided the right is allowed on appeal. It is undoubtedly competent to create new tribunals without common law powers, and to authorize them to proceed without a jury; but a change in the forms of action will not authorize submitting common law rights to a tribunal in which no jury is allowed. In any case, we suppose a failure to award a jury on proper demand would be

an irregularity merely, rendering the proceedings liable to reversal, but not making them void."

In the case of *Reckner* v. *Warner*, 22 Ohio St. 275, it was held that a law which required a party to give bond, conditioned for the payment of costs, in order to appeal from a court where there was no right to a trial by jury to a court where such right was given, did not contravene the right of trial by jury, as guaranteed by the Constitution.

In *Hapgood* v. *Doherty*, 8 Gray, 373, it is said that when the right of trial by jury can be secured by giving bond and appealing from the judgment of a justice of the peace, the law conferring on the justice the right to try the cause without a jury is not unconstitutional.

In the case of *Flint River Steamboat Co.* v. *Foster*, 5 Ga. 194, it was held that because the right of trial by jury may be clogged with onerous conditions, the act prescribing such conditions and terms will not be pronounced unconstitutional, unless it totally prostrates the right, or renders it wholly unavailing to the defendant for his protection.

In the case of *Stuart* v. *Mayor*, 7 Maryland, 500, it is said that where a law secures the trial by jury upon an appeal, it is no violation of a constitutional provision securing that right, though such law may provide for a primary trial without the intervention of a jury, because the party, if he thinks proper, may have his case tried by a jury before it is finally settled.

It was said, by PERKINS, J., in the case of *Flournoy* v. *City of Jeffersonville*, 17 Ind. 169, that the provision of the statute then under consideration was not unconstitutional because it deprived a party of a right without a judicial hearing and trial by jury. As in the case of *Maynes* v. *Moore*, 16 Ind. 116, so here, by appeal from the issue of the precept, the writ, the party can transfer his case to a judicial tribunal and demand the right of trial by jury. The remedy is not an onerous one, or a burdensome one even.

Many more authorities to the same effect might be cited,

but we think it unnecessary to do so. Some of the authorities upon this subject draw a distinction between civil and criminal cases, and such distinction does, perhaps, exist in a majority of the States in the Union.

Our opinion is, that the act of the Legislature approved March 29th, 1879, now under consideration, is not in conflict with our Constitution in requiring a litigant to give bond for costs in order to appeal to the circuit court, where a trial may be had by jury.

Petition for rehearing overruled.

