STATE ex rel. BARBER ASPHALT PAVING COMPANY v. DISTRICT COURT OF ST. LOUIS COUNTY and Others.[1]

November 13, 1903.

Nos. 13,673—(17).

**Municipal Charter.**

The power and authority conferred by the Constitution upon cities to frame their own charters extends to and embraces any subject appropriate to the orderly conduct of municipal affairs.

**Auditing Claims.**

The matter of the presentation of claims against the city, the auditing and allowing of the same, and the manner and proceedings for reviewing the action of the auditing body, are appropriate subjects for charter supervision and regulation.

**Appeal from City Council.**

Section 80 of the charter of the city of Duluth, providing for an appeal to the district court from the action of the city council allowing or disallowing a claim against the municipality, is valid, and the remedy there pointed out must be followed and pursued by persons having claims against the city, and no action can be maintained against it until the claim is presented to its auditing body, as there provided.

[1] Reported in 97 N. W. 132.

**Act of Administrative Officer.**

    The administrative officers of a city, whose duty it is to pass upon and allow claims against the municipality, in performing their duty in that respect act quasi judicially.

**Due Process of Law.**

    Due process of law means an orderly proceeding adapted to the nature of the case, in which the citizen has an opportunity to be heard to defend, enforce, and protect his rights; and where such opportunity is granted by the law the citizen cannot complain of the procedure to which he is required to conform. Section 80 of the charter of the city of Duluth, providing for a taxpayers' appeal to the district court from the action of the city council in allowing a claim against the municipality, is due process of law.

    Writ of prohibition issued from the supreme court upon relation of Barber Asphalt Paving Company, directed to the judges of the district court for St. Louis county and to the city of Duluth, and requiring them to show cause why an absolute writ should not issue restraining them from further proceeding in a matter pending in said district court. Writ quashed.

    *Roger S. Powell* and *Davis, Hollister & Wilson,* for relator.

    *Oscar Mitchell,* for respondents.

BROWN, J.

    Application for a writ of prohibition to the judges of the district court of the county of St. Louis, directing them to refrain from hearing a certain cause or proceeding alleged to be pending before that court.

    The facts are as follows: The relator, Barber Asphalt Paving Company, is a corporation created, organized, and existing under the laws of the state of Virginia, but doing business in the state of Minnesota. On August 11, 1902, in proceedings had by the city council of Duluth, a contract was duly awarded to relator for paving a portion of Superior street in that city, and thereafter a contract was formally entered into with relator containing conditions, plans, and specifications for the performance of the work. The contract provided, among other things, for the payment by the city to relator of a per cent. of the contract price as the work progressed, the same to be fixed by an estimate made by the board of public works. Relator proceeded in the work of paving the street, and on August 5, 1903, had partly com-

pleted the contract, and requested the board of public works to make an estimate upon the amount of work performed at that date, which request the board of public works complied with, and properly certified that relator was entitled to $25,500 for the portion of the work so performed, upon which estimate and certificate the city council duly passed a resolution ordering payment accordingly, and directing that an order be drawn on the city treasurer for the same. Thereafter relator demanded of the city clerk an order on the treasurer, who refused to issue the same. On August 6, 1903, the city attorney, acting under the provisions of section 80 of the charter of the city of Duluth, appealed to the district court of said county from the action of the city council in allowing the estimate and ordering the amount thereof paid. This appeal was taken at the written request and instance of certain taxpayers of the city, and was in all respects in compliance with the provisions of the charter referred to. Return to the appeal was made to the district court, and an order was subsequently entered therein upon application of the city attorney, requiring pleadings to be made up as in ordinary civil actions, directing that relator file its complaint, and that the city make answer thereto within the time fixed by the order; whereupon relator sued out this writ of prohibition, seeking thereby to enjoin and restrain the district court from assuming jurisdiction in said proceeding or taking any further action therein. The only question presented is the validity of section 80 of the Duluth charter.

The section of the charter referred to is similar in all respects to G. S. 1894, § 644, providing for appeals from the board of county commissioners in certain cases. It provides, generally, that whenever the common council of the city of Duluth shall refuse to pay the claim of any person, such person may appeal from the decision to the district court by causing written notice thereof to be filed in the office of the clerk of the district court, and service of the same upon certain city officials; and that when the claim of any person except that of an employee or officer of the city for wages or salary is allowed and ordered to be paid in whole or in part, the city attorney may in any case, and, if the amount so ordered to be paid exceed $25, he shall, upon the request of seven taxpayers, on behalf of and in the name of the city, appeal from the allowance to the district court by causing a

written notice of such appeal to be filed in the office of the clerk of the district court after serving the same upon the mayor and comptroller. The charter further provides that, after the appeal is taken, no order shall be issued in payment of any part of the claim so allowed until the judgment of the district court in the proceedings shall have been certified and filed in the office of said clerk; and that, when notice of appeal is filed with the district court, as therein provided, that court shall have jurisdiction of the subject-matter of the proceeding, and may compel a return to be made in the same manner as in the case of appeals from justices of the peace. It provides that the appeal shall be placed upon the calendar for trial at the next general term of the district court, holden eight days after the date of the appeal, and that on or before the second day of the term the court shall direct pleadings to be made up as in civil actions. Thereupon the proceedings shall be tried, all questions of law arising summarily heard and determined upon the pleadings, and issues of fact tried as other issues of fact are tried in that court.

Other provisions are made in respect to the issuance of execution, and the time within which an appeal may be taken to the Supreme Court, but these are unimportant, and it is unnecessary to refer specially to them. The question presented by this record is whether the provisions of the charter referred to are effectual to confer jurisdiction upon the district court, either of the person of relator or the subject-matter of the proceeding; in other words, whether the charter has any validity whatever for that purpose.

It is contended by relator that it was beyond the power of the city of Duluth to embody this particular provision in the city charter, for the reason that it is not a subject belonging to the government of municipalities. The charter was framed subsequent to the adoption of the constitutional amendment extending to cities the right to frame their own charters, and this contention raises the question whether the subject-matter of the section mentioned was proper for charter regulation. It was held in State v. O'Connor, 81 Minn. 79, 83 N. W. 498, that the power and authority conferred by the Constitution upon cities to frame their own charters extend to all subjects and matters properly belonging to the government of municipalities; and this must necessarily include any subject appropriate to the orderly conduct of

municipal affairs. Following that decision it was held in State v. District Court, 87 Minn. 146, 91 N. W. 300, that the condemnation of land for public use was a proper subject for charter regulation, being a subject properly belonging to the government of the city, and an essential public necessity. We have no doubt that the provision of the charter requiring the presentation of all claims to the city council for adjustment and allowance was an appropriate subject for charter supervision, and from that it would seem to follow logically that it was also proper to continue the subject, and provide the manner in which the determination of the city council allowing or disallowing a claim might be removed to the district court for judicial investigation and determination; and we hold without further remark that it was within the power of the framers to embody in the charter the provisions under consideration.

It is contended that the provisions of the charter are invalid, because they do not constitute due process of law. The charter provision was taken almost wholly from G. S. 1894, § 644, providing for similar appeals from the board of county commissioners, which has been in force in this state for forty years or more, and the validity of which has never been questioned, so far as our information extends. On the contrary, the statute has been resorted to on numerous occasions, both by persons having claims against counties and by the county attorney at the instance of taxpayers. Thomas v. County Commrs. Scott Co., 15 Minn. 254 (324); Kroshus v. County of Houston, 46 Minn. 162, 48 N. W. 770; Davis v. County of Le Sueur, 37 Minn. 491, 35 N. W. 364. The statute is a very serviceable one, and provides an orderly method of settling claims and demands against counties without the necessity of the formal commencement of an action in court; and the provision allowing the appeal at the instance of taxpayers was intended as a safeguard, and to assist in the protection of the public funds. Claims against such bodies must be presented to their administrative officers, and by them passed upon, from whose decision an appeal to the district court is provided, where, without formality of procedure, the matter is brought to trial and speedy determination. It is true that the statute contains no provision, nor does the city charter, for the service of a notice of appeal upon the claimant where a claim is allowed and the appeal is taken by the city.

or county attorney; but provision is made for the service of such a notice upon the city officers, and provision is also made for prompt return of the appeal to the district court. It further provides that the proceeding on completion of the appeal shall be brought on for trial at the next general term of the district court holden more than eight days after the appeal is taken, for framing issues by filing proper pleadings, and for the trial of the proceeding as in civil actions.

.Every person is entitled to a certain remedy in the law for the redress of all injuries or wrongs he may receive in his person, property, or character. But he is not entitled to any particular remedy. Due process of law means an orderly proceeding adapted to the nature of the case, in which the citizen has an opportunity to be heard to defend, enforce, and protect his rights; and, where such opportunity is granted by the law, the citizen cannot complain of the procedure to which he is required to conform. State v. Billings, 55 Minn. 467, 57 N. W. 206, 794. Due process of law does not necessarily mean that the person affected thereby should have personal notice of the proceeding. Either actual or constructive notice is sufficient, and answers every purpose of the law, if it be reasonably probable that he will be apprised of the proceeding. Cooley, Const. Lim. (6th Ed.) 497, note 1; 10 Am. & Eng. Enc. (2d Ed.) 299; Mason v. Messenger, 17 Iowa, 261; Happy v. Mosher, 48 N. Y. 313. Of course, some kind of notice of the initiation of proceedings is essential, but it is clearly not necessary that personal notice of each intermediate step be given. In a case like that under consideration, where a claim is made against a city or county, the presentation of the claim to the administrative officers for their action is the initiation of proceedings to enforce its payment. By the presentation claimant adopts that method of enforcing his rights. He is bound to follow up his claim, and pursue the remedy pointed out by the charter or statutes for its enforcement, and is afforded ample opportunity for a complete investigation and hearing upon the merits of his claim. And, though no notice of appeal is required to be served upon him, he is apprised by the law of the manner of taking such appeals; and, unless he wholly abandons his claim after its allowance by the city, he will have actual knowledge that it has been taken. This answers every purpose, and is "due process of law."

Statutes of this character have been almost uniformly sustained by the courts whenever their validity has been called in question. In Wisconsin it has been held that the courts have no jurisdiction over a claim until it has been presented to the municipal authorities for their action, as required by statute. Morrison v. City, 115 Wis. 538, 92 N. W. 280; Oshkosh v. City, 109 Wis. 208, 85 N. W. 376; Mason v. City, 98 Wis. 540, 74 N. W. 357. There was, however, in the statute construed in those cases, an express provision suspending the right of action against the municipality until the claims were duly presented for allowance. See also State v. Board, 101 Ind. 69; Board v. Gregory, 42 Ind. 32; Mansel v. Fulmer, 175 Pa. St. 377, 34 Atl. 794; Myers v. Gibson, 147 Ind. 452, 46 N. E. 914; Means v. Webster, 23 Neb. 432, 36 N. W. 809.

Under the provisions of our statute and the charter of Duluth, persons having claims against a city or county are required to present the same to the officers who are vested with power and authority to audit, adjust, and allow the same; and this court has held (construing G. S. 1894, § 687) that such presentation is a condition precedent to the right to maintain an action thereon. Old Second National v. Town of Middletown, 67 Minn. 1, 69 N. W. 471; Board of Co. Commrs. v. Clapp, 83 Minn. 512, 86 N. W. 775. We have also heretofore held that when a claim is presented to the proper municipal officers, and by them disallowed, an action may be maintained against the municipality to recover the same; that the remedy by appeal is not exclusive. Murphy v. Co. Commrs. of Steele Co., 14 Minn. 51 (67). But no such action can be maintained without first presenting the claim to the municipal officers for allowance. Where the claim is allowed, and the appeal is taken by the county attorney at the instance of taxpayers, the claimant must follow the appeal into the district court, and there contest his rights; and, if he fails to do so, the district court may properly reverse and annul the action of the municipal authorities in allowing his claim.

Whether, in such case, the city or county, as the case might be, would be permitted to file an answer, no complaint being filed, setting up a counterclaim, and be granted a default judgment thereon against the claimant, we need not determine. Such a case is highly improbable, but, if ever presented, we shall consider it, and make such dispo-

sition of the question as shall seem consistent with judicial principles. The appeal at least vests the court with jurisdiction of the subject-matter, the merits of the claim against the municipality, and it may determine the rights of the parties in that respect whether the claimant responds to the appeal or not. Nor need we determine whether the action of the district court reversing and annulling the order of the municipal authorities in default of claimant to appear and prosecute his case would be final and conclusive against him and preclude the subsequent representation of his claim for allowance. These questions are not before us at this time, and are not vital to the one presented. They are matters of practice, and in no sense pertinent to the present question of jurisdiction.

The administrative officers, the board of county commissioners or the city council, in passing upon and allowing or disallowing the claims, act quasi judicially. They determine the legal rights of the parties, and there is no force to the suggestion that the charter is invalid because it provides for an appeal from a nonjudicial to a judicial tribunal. State v. Dunn, 86 Minn. 301, 90 N. W. 772; Mitchell v. Clay County (Neb.) 96 N. W. 673; 7 Am. & Eng. Enc. (2d Ed.) 1003; State v. Staub, 61 Conn. 553, 23 Atl. 924; Robinson v. Board, 16 Cal. 209; Falk v. Strother, 84 Cal. 544, 22 Pac. 676, 24 Pac. 110; Board v. Gregory, 42 Ind. 32; Maxwell v. Board, 119 Ind. 20, 19 N. E. 617, 21 N. E. 453; County v. Carbry, 3 Smedes & M. 529.

And, again, the provisions of the city charter require certain formalities to be gone through with by persons having claims against the city precedent to the issuance of an order in payment of the same. These provisions were in force at the time relator entered into its contract with defendant, as was also the section providing for an appeal from the determination of the city council in allowing or disallowing claims presented to it. They entered into and became a part of the contract (Edwards v. Kearzey, 96 U. S. 595), and relator was bound to pursue the remedy there pointed out to secure payment for the performance of its contract. This would not, as urged by relator's counsel, be conferring jurisdiction upon the court by contract. It is similar in principle to that class of contracts which expressly refer disputed questions to arbitrators for adjustment and settlement, with the further provision that the decision of the arbitrators shall be

final. But it is urged that relator has presented no claim to the city council for their action, that it never submitted to the jurisdiction of that body, and is now being forced into court without its consent. It appears from the record that, after relator had partly performed its contract, some officer representing it requested the proper city authorities to make an estimate of the amount of work performed. The request was complied with, and an estimate made, which was thereafter presented to the council for their action. It was allowed by the council, and relator demanded of the city clerk the issuance of an order on the city treasurer for the amount. That relator occupied the position of a claimant with a claim against the city, there can be no serious doubt. It asserted a claim under the contract for the amount claimed to be due, and the city council duly allowed it. If anything further is essential to constitute a claim within the meaning of the charter, we are unable to point it out.

It is barely possible that some of the provisions of the charter could not be sustained, but we do not so hold, or even intimate. Whether the provision limiting the time to appeal from the judgment of the district court to the Supreme Court is valid or not may be a serious question, but we are here concerned only with the question whether the charter is valid in so far as it provides for an appeal by the taxpayers to the district court. Whether, in some details, the section may be invalid, we pass for future consideration, should a question ever arise. Its invalidity in part does not render it wholly bad. O'Brien v. Krenz, 36 Minn. 136, 139, 30 N. W. 458.

In conclusion we hold that the subject-matter of section 80 of the charter of the city of Duluth was appropriate for charter supervision and regulation, and that it is not, in so far as here involved, unconstitutional or invalid; and that the taxpayers' appeal therein provided for is due process of law, and, when properly effected, vests the district court with jurisdiction of the proceeding.

Writ quashed.