THE BOARD OF COMMISSIONERS OF JACKSON COUNTY *v.* APPLEWHITE ET AL., ADMINISTRATORS.

PRINCIPAL AND AGENT.—*Authority of Agent.—Contract.— Performance.— County Commissioners.*—An order of record, made by the board of commissioners of a county, authorized a person named to procure and attach

a certain fixture, for the improvement of a public building of the county, at a price specified.

*Held*, that such person was not authorized to purchase at a higher price than that named, and could not recover for any excess expended by him.

SAME.—*Former Adjudication.—Order of Board.—Jurisdiction.—Appeal.*—Such agent, having procured and attached such fixture, reported the same to the board of commissioners, with vouchers showing the expenditure of a larger sum than that mentioned in the order, whereupon the board entered an order allowing to him therefor the sum specified in their previous order, but such agent subsequently filed a claim before them for the full amount.

*Held*, that the order making such allowance was one that the board had jurisdiction to make, that an appeal therefrom might have been taken to the circuit court, and that, unappealed from, it was a former adjudication of the matter, barring any subsequent claim or recovery therefor.

From the Harrison Circuit Court.

*B. H. Burrell* and *F. Emerson*, for appellant.

*J. B. Brown*, for appellees.

NIBLACK, J.—This action originated in certain proceedings had before the board of commissioners of the county of Jackson at their December term, 1874.

The appellees' decedent, George V. Benton, filed a claim against the county for allowance, which was as follows:

" Jackson County,

To George V. Benton,                    Dr.

1874, July 4th—To court-house bell and expense of

hanging the same ............................................$270.67

To lamp and post for court-house—Sheriff Bower..   8.50

To six per cent. interest, from July 4th, to Decem-

ber 4th, 1874......... ......·· ............................   6.90

                                                    ——————
                                                    $286.07 "

This claim was disallowed by said board of commissioners and Benton appealed to the Jackson Circuit Court, where, upon his application, the venue was changed to the Harrison Circuit Court. In this last named court the cause was tried by a jury, resulting in a verdict in favor of Benton for two hundred and seventy-seven dollars and

fifty cents. Benton thereupon remitted seventeen dollars and fifty cents of the verdict, and, over a motion for a new trial, judgment was rendered upon the verdict for two hundred and sixty dollars. Since the rendition of the judgment Benton has died, and administration on his estate has been granted to Ralph Applewhite and Wright Vermilya.

One of the causes assigned for a new trial was, that the verdict was not sustained by sufficient evidence. Another was, that the verdict was contrary to law.

Upon the trial it was made to appear by the evidence, that, at their June term, 1874, said board of commissioners made an order as follows:

"COURT-HOUSE BELL.

"Ordered by the board, that George V. Benton be, and he is hereby, authorized to procure a good bell, and have the same set up in the cupola of the court-house, in a good and substantial manner, and when the same is so furnished and fixed up, then this board, if satisfied therewith, will pay said Benton the sum of one hundred and twenty-five dollars therefor."

That soon afterward Benton purchased a bell at Cincinnati, Ohio, and had it placed in the cupola of the court-house; that afterward, at the September term, 1874, of said board, the said Benton submitted a report to said commissioners, as follows:

"To the Board of Commissioners of Jackson County, Indiana:

"An order was made by your honorable body, at June term, 1874, authorizing me to procure a suitable bell for the court-house, and to have the same placed in the cupola. The bell was placed in position, and rang for the first time, July 4th, 1874, the ninety-eighth anniversary of American Independence. It is forty-four inches in diameter, weighs one thousand pounds of itself, and, with its mountings,

weighs one thousand three hundred and fifty pounds. It is steel composition, of the Blymer Manufacturing Company, Cincinnati, Ohio. The qualities of these bells may be known by the numerous testimonials in the printed book accompanying this report. The tone of the one on the court-house is universally admired by all who have heard it, and has a sufficient volume of sound. It will be seen, from the accompanying receipts and certificates, that the total cost, including freight and expenses of placing the same in position, is two hundred and sixty-five dollars and seventy-two cents.

"It became manifest that a suitable bell for the size and grandeur of the court-house, to answer its intended purpose, could not be had at the price named in the order made by the board. After consultation with all the county officers, I concluded to assume the responsibility of getting such a bell as would be suitable, which, I trust, will meet the approval of the board of commissioners.

"Respectfully submitted,

"GEORGE V. BENTON."

The vouchers and certificates referred to in the report were filed with and accompanied the same as therein stated. That, on the day following the submission of the above report, which was still during the said September term, 1874, of said board, the said board of commissioners entered upon the consideration of said report, and made the following order thereon :

"*Ordered*, By the board, that George V. Benton be, and he is hereby, allowed the sum of one hundred and twenty-five dollars for expenses of court-house bell, as per bill on file. The balance of said claim is refused."

It was admitted by Benton, as a part of the evidence, that the bell mentioned in the report above set out was the same bell referred to in his account filed before said board of commissioners, at their December term, 1874, and upon which this action is based.

It was also shown that the bell was reasonably worth all Benton claimed to have paid for and expended upon it.

The appellees contend that the order authorizing Benton to purchase a bell for the court-house constituted him the agent of the board of commissioners for the purchase of a bell suitable for the purpose for which it was intended, and that, upon their acceptance of the bell, the commissioners became bound to refund to him whatever he had reasonably and necessarily expended in its purchase, and in placing it in position in the cupola of the court-house.

We cannot agree to that construction of the order in question. We think that order tendered to Benton a contract simply for the purchase and placing in position of a bell for the court-house, for which the commissioners agreed to pay him one hundred and twenty-five dollars, if they should be satisfied with and accept the bell, leaving it optional with him whether he should agree to the proposed contract on his part or not, and that, when he undertook to furnish, and did furnish, a bell under such contract, he acquired no claim against the county, beyond the sum of one hundred and twenty-five dollars, no matter what the cost of the bell may have been to him.

We think, also, that the introduction in evidence of the report of Benton to the commissioners, with the accompanying vouchers, and the order of the commissioners thereon, allowing him one hundred and twenty-five dollars for his expenditures on account of the said bell, unappealed from and in full force, established a former adjudication of his claim for compensation for the bell, thus constituting a full defence to, and preventing any lawful recovery upon, such claim in the present action.

The submission of his report by Benton to the board of commissioners, with the accompanying vouchers, brought the whole subject of the purchase of the bell regularly before the board, and gave them jurisdiction to make an al-

lowance for the contract price of the bell, if they chose then to do so, and as they seem to have done.

Benton might have appealed from the order allowing him one hundred and twenty-five dollars for the bell, 1 R. S. 1876, p. 357, sec. 31, or he might have sued the county in some other court, having competent jurisdiction, under section 10 of the act concerning allowances by courts and boards, 1 R. S. 1876, p. 63, but, as against any claim for the same bell, subsequently filed against the county before the same board of commissioners, this allowance for one hundred and twenty-five dollars must be held to stand as an adjudication of such claim.

Other evidence was given on the trial, but there was nothing in such evidence conflicting, in legal effect, with the material facts of the case as we have above presented them.

In our judgment the court erred in refusing to grant a new trial in the cause.

The judgment is reversed, at the costs of the estate of the said George V. Benton, and the cause remanded for further proceedings not inconsistent with this opinion.