Millisor *et al. v.* Wagner.

No. 15,976.

MILLISOR ET AL. *v.* WAGNER.

MUNICIPAL CORPORATION.—*Petition to Widen a Street.*—*Rejecting Commissioners' Report.*—*Termination of Cause.*—*No Power to Revise or Put on Foot a New Proceeding as to Same, Without a New Petition.*—Where the board of trustees of an incorporated town, on a petition to widen a certain street, appointed three commissioners to assess the benefits and damages, and make report of the same, and, upon hearing the report, rejected it, the board of trustees, in rejecting the report, terminated the proceedings, and such board had no authority to revise the proceedings, or put on foot new proceedings to widen the street, without a new petition being filed for that purpose.

From the Fulton Circuit Court.

*G. W. Holman* and *R. C. Stephenson*, for appellants.

*E. Myers*, for appellee.

OLDS, J.—This cause originated before the board of trustees of the incorporated town of Kewanna, Fulton county, Indiana, on a petition filed by the appellants for the widening of a certain street in said town.

On October 9, 1889, the appellants filed their petition for the widening of the street, and on the same date the town board appointed three commissioners, in pursuance with the statute, section 3368, R. S. 1881, for the assessment of benefits and damages, and the commissioners filed their report with the board, and, before any action was taken upon it, the appellee filed with the board written objections to the commissioners for the reason, as alleged, that they were not disinterested, etc. At the meeting of the town board held on the 13th day of November, 1889, there was the following record made relating to said matter: "And the board having heard and considered said report, a vote was taken, and the chair declared it lost. No further business before the board, they now adjourn until Wednesday evening, November 27, 1889."

At the meeting held November 27, 1889, a resolution was introduced by one of the members of the board of trustees and adopted, in the preamble of which it is stated that the report of the commissioners was by the board rejected upon the objections of Wagner, the appellee, and by the resolution three new commissioners were appointed to assess the benefits and damages, and notice was ordered given. Afterward the three commissioners last appointed filed their report, which was approved, and the damages in excess of benefits assessed were ordered paid. From the order approving the report of the commissioners last appointed, the appellee appealed to the Circuit Court. In the Circuit Court, the appellants moved the court to dismiss the appeal on the ground that the original papers were not certified up, and that the transcript was imperfect. The appellee moved to dismiss the cause for want of jurisdiction in the town board. The court overruled the motion of the appellants and sustained the motion of the appellee, and dismissed the cause. A motion for a new trial was filed by the appellants, and was overruled. Errors are assigned on these various rulings.

Section 3372, R. S. 1881, governing matters of this kind and authorizing an appeal, provides that "the board of trustees shall, within twenty days from the filing of said report, either accept or reject the terms of the same. And any owner of land or representative thereof aggrieved by such report, may appeal therefrom at any time, within thirty days after the filing thereof," etc.

The fair interpretation to be given to the record in relation to the report of the commissioners first appointed is that there was a final disposition of the report, and that it was rejected; while it is not expressed by that word, yet the import of the record is that the report was considered on its merits and was lost, and that it was not to be acted upon further. Such action, we think, terminated the pro-

ceedings before the board, and from which an appeal might have been taken. We are supported in this interpretation by the action of the board at the following meeting, for, in the resolution there adopted, they declare that the report was rejected at the meeting held on November 13, thus interpreting the record, stating that the report was lost, to mean that it was rejected.

The appeal in this case from the board of trustees is from the action of the board in approving the report of the commissioners last appointed. The action taken by the board in rejecting the report of the commissioners first appointed terminated the proceedings, and the board had no authority to revise and put on foot a new proceeding to widen the street, without a new petition being filed invoking the power of the court. After the proceeding instituted by the filing of the original petition was terminated by rejecting the report of the commissioners appointed in pursuance of the petition, the board had no authority to revise and put on foot a new proceeding, without the filing of a new petition. The appeal was taken from the report last filed, under a proceeding unauthorized by law, to get rid of the last report. After the appeal to the Circuit Court was perfected, and the cause was in that court, the appellee moved a dismissal of the cause in which the appeal was taken, and the court sustained the motion. This we think was correct. The proceeding in which the petition was filed having terminated by the board rejecting the report of the commissioners appointed in pursuance of the petition, the petition had no further force, and could not be the foundation of a second proceeding. The petition having no further force, the action of the board is, in effect, a second and new proceeding not being based upon any petition, and was unauthorized by law. The fact that the board stated in their resolution appointing the second set of commissioners that the report of the first was rejected on the objection of the appellee to

the qualification of the first, can make no difference. If the board acted on the report and rejected it, the reasons for rejecting it can make no difference, as an appeal would lie from the order rejecting the report, whether any reasons for rejecting it were stated or not, or whether they were valid or not; but in the record made at the meeting when the report of the commissioners first appointed was acted upon there is no explanation made. The record states that the board heard and considered the report, and took a vote upon it and it was lost. The board refused to accept it (to approve it), and by the action taken they rejected it.

The court properly sustained the motion to dismiss the cause and overruled the motion to dismiss the appeal. It clearly appearing from the record that the board had no jurisdiction of the cause pending, there was no benefit to be derived from an order to certify up the papers, and no reason why the appeal should be dismissed, where the motion to dismiss the cause was based on a question of jurisdiction, which clearly appeared by the record. It may be said that the action of the board, taken after the first report was rejected, was without authority and absolutely void; but, such being the fact, it might be avoided on appeal, as in this case, by taking an appeal for the purpose of having the cause dismissed for want of jurisdiction. *Louisville, etc., R. W. Co.* v. *Lockridge*, 93 Ind. 191.

Judgment affirmed, with costs.

Filed January 4, 1893.