Myers v. Gibson.

---

MYERS v. GIBSON.

[No. 18,610. Filed April 26, 1899.]

COUNTY.—*Claims.—Jurisdiction of Board of Commissioners.*—The filing of a claim against a county with the auditor, and his presenting the same to the board of county commissioners, is all that is required to give the board jurisdiction to act thereon. *p. 502.*

SAME.—*Claims.—Allowance.—Appeal.*—Where the board of county commissioners had jurisdiction in the allowance of a claim, an appeal vacates the allowance and the cause stands for trial *de novo.* *p. 502.*

SAME.—*Claims Refiled After Disallowance.—Jurisdiction of Board of Commissioners.*—Where a claim against a county for work and material was filed with the board of commissioners, and by them disallowed, and no appeal was taken, the board at a subsequent session had no jurisdiction to allow a claim presented for the same work and material. *p. 503.*

SAME.—*Claims.—Jurisdiction of Board of Commissioners.—Appeal.*—Unless the board of county commissioners has jurisdiction to act on the merits of a claim presented, the circuit court, on an appeal from an allowance by such board, will not have jurisdiction to render judgment against the county. *p. 506.*

From the Miami Circuit Court.    *Reversed.*

*Enoch Myers* and *J. F. Lawrence,* for appellant.

*I. Conner, J. Rowley, W. C. Bailey, C. A. Cole* and *Mitchell, Antrim & McClintock,* for appellee.

MONKS, C. J.—Appellee, on June 1, 1897, filed with the auditor of Fulton county a claim, on account of the sub-basement under the court-house, for $19,996.42, in which the work and labor done and material furnished were specifically itemized. On August 13, 1897, he filed a claim for $20,000 "for basement under court-house." At the September term, 1897, of the board of commissioners of said county, said claims which were for extra work in the basement of the court-house were examined by the board, and appellee was allowed $18,624.17 thereon. Appellant, a taxpayer of said county, made the proper affidavit, and appealed to the circuit court from said allowance. On application of appellee the venue was changed to the court below, where an amended answer in two paragraphs, denying the jurisdiction of the board of commissioners, duly verified, was filed by appellant. The first paragraph shows that a claim for the same work and material had been filed by appellee with, and disallowed by the board of commissioners of Fulton county in 1896, and that no appeal had been taken by appellee from the decision of said board disallowing said claim; nor had he ever brought any action against the board of commissioners of Fulton county on said claim or account, except to file the claim for the same work and material with the auditor of Fulton county for presentation to the board of commissioners for allowance, which said board allowed at $18,624.17, and from which allowance this appeal was taken. The second paragraph of said answer, denying the jurisdiction of the board of commissioners, alleges that when said claim was allowed by the board of commissioners at $18,624.17, from which allowance of the board appellant appealed, no competent proof thereof was adduced before said board in favor or in support thereof, as is required in other courts; nor was the fact, if it be a fact, that the truth of such charges was known to the board of commissioners, entered of record in the proceedings of said board about said claim. Demurrer for want of facts was sustained to said answer to the jurisdiction, and

appellant set up the same facts in bar of the action, to which a demurrer for want of facts was sustained; and appellant refusing to plead further, the court rendered judgment against Fulton county for $20,462.98, and for cost against appellant.

Appellee insists that the first paragraph of the verified amended answer, denying the jurisdiction of the board, did not show that said board had jurisdiction to act on the claim disallowed in 1896, and that it was therefore insufficient, and the demurrer thereto was properly sustained. The first paragraph of said answer to the jurisdiction alleged that the claim set out in said paragraph, for material furnished and work and labor done, in the construction and completion of the new court-house recently erected by appellant at Rochester, in Fulton county, Indiana, was filed with the county auditor, and by him presented to the board of commissioners while in lawful session, and that the same was disallowed by the board. The filing of the claim set out in said paragraph with the auditor, and his presenting the same to the board, was all the statute required to give the board jurisdiction to act thereon. The fact that the claim as filed in 1897 was more specific than the one acted upon in 1896 is immaterial, as it is alleged that they were for the same work and material.

The second paragraph of the amended answer to the jurisdiction was clearly bad. Even if the facts stated in said paragraph show that said allowance was void, on account of the failure of the board of commissioners to comply with the requirements of section 7848 Burns 1894, section 5761 Horner 1897, which we need not and do not decide, they do not show that the board did not have jurisdiction to act upon the claim; and as the allowance was vacated by the appeal, and no longer existed, the claim, so far as shown by said paragraph, was pending in the court below for trial *de novo.* State, *ex rel.* v. *Brewer,* 64 Ind. 132; *Wright* v. *Wetson,* 95 Ind. 408, 410, 411.

The controlling question presented by this appeal is whether the board of commissioners of Fulton county, after having disallowed said claim, had the power at a subsequent session —appellee having filed a claim for the same work and labor . —to allow the same.    By the act of 1879, Acts 1879, p. 106, being section 5758, 5759, 5760, 5769, R. S. 1881, it was provided, in substance, that any person who should thereafter have a legal claim against any county should file the same with the county auditor, to be by him presented to the board of commissioners, and the commissioners were required to examine the claim and allow or disallow the same in whole or in part, as they may find it just and owing.    Any person or corporation feeling aggrieved with the decision was allowed an appeal to the circuit court.    It was also provided, by section four of said act, being section 5760 R. S. 1881, section 7847 Burns 1894, that, "No court shall have original jurisdiction of any claim against any county in this State in any manner except as provided for in this act."    It is clear that under said act of 1879, being section 5758, 5759, 5760, 5769 R. S. 1881, boards of commissioners had exclusive original jurisdiction of all claims against the county, and that no court could acquire jurisdiction of a claim against the county except by appeal from the decision of the board.    It was uniformly held under said act that when a claim was filed before a board of commissioners, and disallowed in whole or in part, the only remedy of the claimant was to appeal from the action of the board.    No independent suit could be maintained on said claim in any court, nor could the claimant again file the claim before the board and be entitled to an allowance of the same in whole or in part.    *Bass Foundry, etc., v. Board, etc.*, 141 Ind. 68; *State, ex rel., v. Board, etc.*, 101 Ind. 69; *Maxwell v. Board, etc.*, 119 Ind. 20; *Board, etc., v. Maxwell*, 101 Ind. 268; *Pfaff v. State, ex rel.*, 94 Ind. 529; *Board, etc., v. Appelwhite*, 62 Ind. 464.

In 1885 (Acts 1885 p. 80), section three of· the act of

1879, being section 5769 R. S. 1881, was amended, so that since said amendment, being section 7856 Burns 1894, section 5769 Horner 1897, if the claim is disallowed in whole or in part, the claimant may either appeal therefrom, or bring an action on said claim against the county in its corporate name. *Bass Foundry, etc.,* v. *Board, etc.,* 115 Ind. 234, 239, 240; *Myers* v. *Gibson,* 147 Ind. 452, 456. The only change made by the amendment of 1885 was to give a claimant, in addition to his right of appeal, the right to bring an action on the claim against the county in its corporate name. So that, after the taking effect of the amendment of 1885, the claimant, if his claim was disallowed in whole or in part, had two remedies, instead of one, as under the act of 1879. Before the taking effect of said act of 1879, a claimant could sue the county in the first instance, or he could file his claim before the board of commissioners, and, if the same was disallowed in whole or in part, he could appeal or bring an independent action on the claim. *Bass Foundry, etc.,* v. *Board, etc.,* 115 Ind. 234, 238, and cases cited; *Board, etc.,* v. *Ford,* 27 Ind. 17.

In *Board, etc.,* v. *Applewhite,* 62 Ind. 464, which was decided before the act of 1879, a claimant filed his claim before the board of commissioners of Jackson county, and the same was allowed in part. He did not appeal therefrom or commence an action on said claim in the circuit court, but afterwards filed a claim for the same thing, which the board disallowed, and the claimant appealed to the circuit court, where, upon a trial, the court rendered judgment on said claim against the board of commissioners of Jackson county. On appeal, this court held that when the claimant filed his claim against the county and the same was disallowed in part, he might have sued the county in a court having competent jurisdiction, or he might have appealed from the action of the board, but that he was not entitled to any allowance on said claim when he again filed the claim before the board, and that the circuit court erred in rendering judgment in his

Myers v. Gibson.

favor on said claim. What was decided in said cause applies with equal force to the act of 1879 and the law as it now exists. It would seem from what we have said, and the authorities cited, that under the laws now in force, after a claim has been once acted upon by a board of commissioners, said board has no jurisdiction to act upon the same claim at any subsequent session.

Counsel for appellee admit that, under the earlier decisions of this court, when it was held that the board of commissioners in allowing or disallowing claims against the county acted in a judicial capacity, and that the same was *res adjudicata*, the rule above stated was correct. But they insist that in *Board, etc.*, v. *Heaston*, 144 Ind. 583, 55 Am. St. 192, it was held that the board of commissioners in passing upon a claim against the county does not act in a judicial, but in an executive or administrative capacity, and that therefore the rule stated no longer prevails. While it may be true, under the law as now held by this court that the allowance or disallowance of a claim against a county by the board of commissioners is not a judgment in the ordinary sense of that word, yet it does not necessarily follow for that reason that when a board of commissioners has acted upon a claim, it has jurisdiction to act upon a claim for the same thing at a subsequent session, and rescind or set aside the former action of the board. Whether the allowance or disallowance of a claim against the county is a judgment, or only the exercise of an executive or administrative power by the board, is not material to the question before us, for the reason that in either case the result is the same.

It is settled law that a board of commissioners in this State has no powers, except such as are expressly given by statute, and such as are necessary to the exercise of the powers expressly given; and the powers so given are limited and must be exercised in the manner provided by statute. *Myers* v. *Gibson*, 147 Ind. 452, 454, and cases cited; *Board, etc.*, v. *Pollard*, 17 Ind. App. 470, 479, and cases cited. There is

no statute conferring upon boards of commissioners the power to act upon a claim against the county, if they have already at a previous session acted upon a claim for the same thing filed by the same claimant; nor is such a power necessary to the exercise of any power expressly given boards of commissioners. The statute has provided an orderly method for collecting all claims against a county by filing the same before the board of commissioners, and by appeal therefrom to the courts, or by instituting an independent action therefor in the courts after such disallowance. Section 7856 Burns 1894, provides: "If a claim be disallowed in whole or in part * * * the claimant may appeal, or, at his option, bring an action against the county." The statute having provided this remedy, all others are excluded.

When the board of commissioners disallowed appellee's claim in 1896, he had the choice of two remedies, and two only, one was to appeal to the Fulton Circuit Court, and the other was to bring an independent action in that court. *Board, etc.,* v. *Pollard, supra,* 480. Instead of pursuing the course pointed out by statute, appellee filed his claim, giving a more specific statement of the items and dates, for the same work and labor that had been disallowed by the board in 1896, which was presented to and allowed by the board, and from which appellant appealed. Under such circumstances, the board had no jurisdiction to act upon the merits of the claim. *Ryan* v. *County of Dakota,* 32 Minn. 138, 19 N. W. 653; *Commissioners' Court* v. *Moore,* 53 Ala. 25. Neither had the circuit court any jurisdiction to act on the merits of the claim and render judgment against the county, for the reason that on appeal the jurisdiction of such court to try the cause upon its merits depends upon whether the tribunal from which the appeal was taken had jurisdiction. *Millisor* v. *Wagner,* 133 Ind. 400, 403; *Kiphart* v. *Brennemen,* 25 Ind. 152; *Jolly* v. *Ghering,* 40 Ind. 139; *Palmer* v. *Fuller,* 22 Ind. 115; *Mays* v. *Dooley,* 59 Ind. 287;

*Horton* v. *Sawyer*, 59 Ind. 587; *Pritchard* v. *Bartholomew*, 45 Ind. 219.

It follows that the court erred in sustaining the demurrer to the first paragraph of the verified amended answer denying the jurisdiction of the board of commissioners.

Judgment reversed, with instructions to overrule the demurrer to said paragraph, and for further proceedings not in conflict with this opinion.