## TOWN OF MONTGOMERY ET AL. v. THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY.

[No. 4,196.   Filed November 6, 1902.]

MUNICIPAL CORPORATIONS.—*Opening Street.*—*Report of Commissioners.*—*Acceptance.* — Where the report of commissioners appointed, under §4408 Burns 1901, to establish a street is not accepted or rejected by the board of town trustees within twenty days after it is filed, the proceedings are nullified. *p. 693.*

APPEAL.—*Finding of Trial Court.*—*Presumption.*—Where on appeal from a judgment enjoining the opening of a street, under §4408 Burns 1901, there is evidence from which the court might have found that the statute had not been complied with, it will be presumed that the court so found. *pp. 693, 694.*

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Suit for injunction by the Baltimore and Ohio Southwestern Railroad Company against the Town of Montgomery. From a decree for plaintiff, defendant appeals. *Affirmed.*

*W. Heffernan, E. Mattingly, A. J. Padgett* and *J. A. Padgett,* for appellant.

*W. R. Gardiner, C. G. Gardiner* and *T. D. Slimp,* for appellee.

ROBY, J.—This action was brought against the town of Montgomery, its board of trustees, and other officers, to obtain an injunction against the opening of a street in said town across the track and right of way of the appellee. The judgment was against appellants, enjoining them from opening and extending First street in said town, over and across the appellee's railroad and right of way. The action threatened was based upon a proceeding before the board of trustees of said town for the establishment and extension of said street. It is conceded that a petition was filed giving the board jurisdiction in the premises, commissioners were appointed as provided for by the statute and a

report made in favor of the improvement, assessing benefits against various tracts of land, fixing appellee's damages at $50, and awarding damages of $300 to another party. What the terms of the report when filed were is not certain, additions having been made thereto.

Treating the proceeding as regular up to the filing of the report, and taking the report as it appears in the record, the question remains as to whether the further provision of the act, under which the proceeding was carried on, have been complied with. Section 4407 Burns 1901 makes it the duty of the board, when the report of the commissioners is accepted, to direct the treasurer of the town to tender to the owner of the real estate damaged the amount of such damage, and, in event that such tender is not accepted, "then the sum shall be kept by the treasurer as a special deposit, subject to the order of such owner. If the board of trustees, within twenty days after the filing of said report, by a vote of a majority of the members, determine to make the appropriation of real estate for such improvement, it shall cause an assessment list to be made, by transcribing so much of the report, as aforesaid, as describes the parcels of real estate to be benefited by the opening or improvement, with the name of the owner, if known, and the amount of benefits which each would receive, thereby directing such amount to be assessed upon such parcels of real estate respectively; which assessment shall be a lien on such real estate." §4408 Burns 1901. It is made the duty of the board within twenty days from the filing of said report, either to accept or reject the same. §4409 Burns 1901. Unless the trustees accept the report within twenty days, and determine to make the appropriation of property necessary to the construction of the improvement, the proceedings become of non-effect. *Byer* v. *Town of Newcastle,* 124 Ind. 86; *Millisor* v. *Wagner,* 133 Ind. 400.

There is evidence in the record from which the trial court would have been warranted in finding that the report of

the commissioners was not accepted by the board of trustees. It must therefore be presumed, in support of the judgment, that it did so find. There does not seem to be any evidence from which it could be found that the provisions of §§4407, 4408 Burns 1901, were complied with. The judgment is affirmed.