EPIFANIO RODRÍGUEZ, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 1260. Argued November 17, 1941.—Decided January 13, 1942.

*Juan Nevares Santiago* for petitioner. The respondent judge appeared by brief.

M<small>R</small>. J<small>USTICE</small> T<small>RAVIESO</small> delivered the opinion of the court.

The petitioner herein appealed to the District Court of Humacao from a judgment of the Municipal Court of Fajardo whereby he was sentenced to one year's imprisonment in jail for the offense of aggravated assault and battery. At the trial in the district court, the petitioner moved to set aside the judgment appealed from on the ground that ''he had been convicted in the municipal court without having had the assistance of counsel, and without having intelligently waived such right.'' The petitioner alleges that the trial judge refused to admit the evidence offered in support of said motion and denied the latter, holding that an appeal was not the proper remedy to set aside the judgment imposed upon the petitioner and that he ought to have resorted to a writ of *habeas corpus* or of certiorari in order to enable the court to consider the objection raised. After a motion for reconsideration had been denied, the petitioner filed in this court a petition for certiorari in which he alleges that the decision of the district court is erroneous for the following reasons:

''*First*.—Because the question raised in the District Court of Humacao was of a jurisdictional character, for if the Municipal Court of Fajardo lacked jurisdiction to render the judgment appealed from,

the District Court of Humácao likewise lacked jurisdiction to determine petitioner's case.

"*Second.*—Because jurisdictional questions may be raised at any time on appeal.

"*Third.*—Because in the furtherance of justice, it was imperative that the Honorable District Court of Humacao should have inquired into the merits of petitioner's request in order to determine whether or not his constitutional right to the assistance of counsel had been secured to him by the trial court and the refusal of the respondent judge to hear the evidence on that question constituted a denial of the right of the petitioner to be assisted by counsel at the trial.

"*Fourth.*—Because district courts acquire jurisdiction in misdemeanor cases in two ways: (1) by the original filing of the execution therein, and (2) by appeal from lower courts; and the present case is one where the district court acquired jurisdiction by appeal, and by virtue thereof, the district court had then and still has power to inquire as to whether it had acquired jurisdiction of the case on appeal, and by failing to do so it improperly took cognizance of petitioner's case, since the judgment of the municipal court being void, the presumption arises that said judgment was nonexistent, and therefore the district court could never acquire jurisdiction of a case which by a legal fiction was nonexistent."

The respondent judge has filed a return in which he asks that the writ issued be quashed, on the following grounds:

(*a*) Because from the original complaint as well as from the judgment of the municipal court it appears that the defendant was advised of his right to be assisted by counsel, which right he waived.

(*b*) Because the right to the assistance by counsel may be waived, unless it appears from the record that such waiver was not intelligently made.

(*c*) Because, as the defendant was assisted by counsel in the district court, his constitutional rights were fully safeguarded in the same way as if he had been represented by counsel in the municipal court.

(*d*) Because the record of the municipal court, which the district court had before it when it considered and decided

653

the defendant's motion did not constitute a sufficient record to enable said court to determine whether the case was covered by the decision in *Johnson* v. *Zerbst,* 304 U. S. 458.

(*e*) Because the error complained of by the petitioner, if it existed at all, was cured by the appeal filed in the district court, where the defendant was represented by counsel for the holding of a trial *de novo.*

 At the foot of the complaint which forms part of the record of the municipal court now before us, the following note appears: "Upon being advised of his right to be assisted by counsel in his defense, he waived the same and pleaded guilty. One year's imprisonment in jail." The judgment rendered against the defendant reads as follows:

"JUDGMENT.—At Fajardo, P. R., on June 3, 1941, there personally appeared before this court Epifanio Rodríguez García who, after being arraigned and having waived his right to be represented by counsel, entered a plea of guilty. In view of such plea, the court finds the defendant guilty, etc."

In *People* v. *Rodríguez,* 32 P.R.R. 3, at the commencement of the trial *de novo* in the district court, the defendant-appellant presented an affidavit in which he alleged that the trial in the municipal court was not held until after the expiration of the period of 120 days fixed by Section 448 of the Code of Criminal Procedure, and that the defendant had asked the municipal court to dismiss the prosecution. Relying solely on the recitals of said affidavit, the defendant moved the district court to dismiss the prosecution and upon his motion being denied, he appealed to this court. In affirming the judgment below, this court said:

". . . . In the present case whatever rights the appellant may have had to revise the proceedings of the municipal court by virtue of mandamus, *habeas corpus,* or any other method, in the District Court of Humacao, the fact is that after his motion to dismiss was overruled he went to trial, was convicted, and then appealed. The

question then arises whether on appeal to the district court the latter is authorized by virtue of the appeal to review the proceedings in the municipal court.

"On appeal from a municipal court the trial is imperatively *de novo.* The district court acquires jurisdiction only to try the case *de novo.* It does not sit as a court of review and it cannot on appeal review an incident of the trial. *Of course if it be alleged that the municipal court was without jurisdiction to try the case, a different matter is presented.*" (Italics ours.)

In the case at bar, the question raised is precisely that the municipal court, which entered the judgment appealed from, was without jurisdiction to render the same and that, therefore, the district court had not acquired jurisdiction to take cognizance of the appeal.

It is unquestionable that if the Municipal Court of Fajardo proceeded to take cognizance of the case and convicted the defendant without warning him of his constitutional right to be assisted by counsel and without appointing counsel to represent him in case he was unable to get one, the judgment entered against the defendant is void for want of jurisdiction, unless it should be established that the defendant had competently and intelligently waived such right. *Ex parte Hernández,* 54 P.R.R. 396; *Ex parte Oropesa,* 55 P.R.R. 700; *Ex parte Resto,* 55 P.R.R. 274; *Johnson* v. *Zerbst,* 304 U. S. 458, 468.

In *Miray* v. *Mercado,* 55 P.R.R. 121, cited by the respondent judge, a similar question to that involved in the case at bar was raised for the first time in this Supreme Court. There we held that, as we did not have a sufficient record before us to justify our deciding whether the case fell under the decision of *Johnson* v. *Zerbst, supra, or whether the defendant possibly might not have waived his right to be assisted by counsel,* the best procedure would be to remand the case to the district court for further proceedings, and that is what we did.

 It is an elementary principle of procedural law that an objection for lack of jurisdiction can be raised at any time during the proceedings and even pending an appeal. In the case at bar, as we have seen, the demurrer was interposed in the district court upon the case being called for a trial *de novo*.

 According to the stenographic record sent up to this court as part of the return, the question was raised as follows:

"Atty. Nevares: If the court please, in this case we are going to raise a question of law, the lack of assistance of counsel in the lower court.

"Judge: The court will overrule that objection, notwithstanding the rulings by Judge Massari sustaining similar objections in other cases heard by him, and, with all due respect to him, I think that, in the first place, this court would be powerless under the law to remand the case to the municipal court with directions to hold a new trial, and that, in the second place, in criminal cases which originate in the municipal courts the proper thing to do is to hold a trial *de novo*, where the defendant may introduce new evidence and reproduce the proceedings had in the lower court, and for the purpose of the present appeal, it has been held in decisions of our Supreme Court that district courts can only consider the original complaint and that in everything else district courts can not intervene. In order to be able to intervene in the instant case regarding the question of whether or not the defendant was assisted by counsel in the municipal court, the court would have to hear the parties, to hear the evidence, and then reopen the case and hear the evidence. It is the opinion of this court that if such is the purpose sought by the defendant he can attain it through a *habeas corpus* or certiorari proceeding; but where a case is appealed from a municipal to a district court, the only proper way is to hear the evidence as if it were a case *de novo*, which it actually is.

"Atty. Nevares: We move the court to reconsider its ruling, for although it is true that the trial of a case taken on appeal to the district court is a trial *de novo*, such case would have to be tried first in the municipal court and if the municipal court was without jurisdiction thereof, the district court would also be without jurisdiction.

"Judge: Such question of law could not be considered on appeal; it might be brought up in a *habeas corpus* or certiorari proceeding.

"Atty. Nevares: That has been already determined in *John A. Johnson* v. *Fred C. Zerbst,* relied upon for all this . . . .

' ' ' ⁕　　⁕　　⁕　　⁕　　⁕　　⁕　　⁕

"Judge: If a party comes here on a writ of *habeas corpus* or even of certiorari and challenges the present proceeding, then it would be all right, the case would be heard and decided in that way, but on appeal from a municipal court to a district court the question could not be considered."

■ It is a well-settled rule that where the lower court has acquired no jurisdiction of the subject matter of an action, an appeal can not confer any jurisdiction on the appellate court, notwithstanding the trial therein is *de novo* and the court would have original jurisdiction of the matter in controversy. 2 Am. Jur. Appeal & Error, sec. 11, p. 851; *Myers* v. *Gibson,* 152 Ind. 500, 53 N. E. 646; *Steinmetz* v. *G. H. Hammond Co.,* 167 Ind. 153, 78 N. E. 628; and *Jay* v. *O'Donnell,* 178 Ind. 282, 98 N. E. 349.

■ It is true that there is a legal presumption that the proceedings had before the municipal court were in accordance with law and that the record, as already stated by us, tends to show that the defendant had been advised of his right to have the assistance of counsel and that he waived such right. But it is also true that during the whole proceeding, which resulted in the imposition of a one-year term of imprisonment, the defendant was not assisted by counsel and that it does not appear from the record that the defendant had waived his right not only freely and voluntarily but intelligently and competently as well. *Ex parte Resto, supra; Powell* v. *Alabama,* 287 U. S. 45, 77 L. Ed. 158; *Ex parte Barnett,* 94 P. (2d) 18.

In the case at bar, the defendant timely raised the question of the lack of jurisdiction in the district court to take cognizance of the case and asked to be allowed to show that the alleged waiver of his constitutional right had not been

a voluntary waiver intelligently and competently made. He was not permitted to do so by the lower court, on the ground that the question raised was a collateral one which could only be considered and determined in a *habeas corpus* or certiorari proceeding. It does not appear from the stenographic record of the proceeding had before the district court that the latter relied for its ruling on the contents of the record in the municipal court. The order denying the motion was based on the fact that the district court considered itself with authority only to hold a trial *de novo* but not to remand the case to the municipal court, which could only be done within a *habeas corpus* or certiorari proceeding.

The error committed by the court is manifest and fundamental. Upon the raising of the objection of a lack of jurisdiction to try the case *de novo* on appeal from the municipal court, it was the duty of the lower court to consider and determine the jurisdictional question raised, thus allowing the defendant to introduce evidence tending to substantiate his contention that the municipal court which tried him was without jurisdiction when it rendered the judgment appealed from. The presumption of validity attaching to said judgment may be overcome by evidence showing that the trial court in conducting the proceedings failed to comply with the requisites established by the decisions cited. Should the judgment rendered by the municipal court turn out to be void, for lack of jurisdiction in said court to take cognizance of the prosecution in which it was rendered, the district court would also be without jurisdiction to take cognizance of the case on appeal and to hold a trial *de novo*, for if the original judgment is void for want of jurisdiction, no jurisdiction can validly be conferred on the district court to take cognizance of the case on appeal by reason of such judgment.

In our opinion, *the proper thing to do is to set aside the judgment appealed from and to remand the case to the dis-*

*trict court* with instructions to hear any evidence lawfully admissible that might be submitted by the defendant, to show that he had not voluntarily, intelligently, and competently waived his right to be assisted by counsel, or that the trial court failed to advise him of such right. If it turned out, in the opinion of the court, from the evidence introduced by both sides, that the trial court proceeded without jurisdiction when convicting the defendant, the district court should rule that it is without jurisdiction to try the case *de novo*. If, on the contrary, it were shown, to its satisfaction, that the alleged constitutional right of the defendant has not been infringed, then it should proceed to hold a trial *de novo*.

Mr. Justice Todd, Jr., took no part in the decision of this case.