## COMMONWEALTH *vs.* IRA THOMPSON.

A defect in the record of a magistrate before whom the defendant in a criminal complaint has been tried, cannot be taken advantage of on a motion in arrest of judgment in the superior court, where the case has been brought on appeal.

In a complaint under *St.* 1859, c. 225, § 9, an averment that the defendant, on a day and in a town named, "did keep a certain dog, without said dog being then and there licensed according to law," is a sufficient allegation that the dog was not licensed as the statute requires; and it is not necessary to aver that the dog was not "registered, numbered and described," or that he was not licensed in any other town than that named in the complaint.

COMPLAINT by the selectmen of Hubbardston, in behalf of the Commonwealth, alleging " that Ira Thompson of Hubbardston aforesaid, heretofore, to wit, on the second day of May in the year of our Lord one thousand eight hundred and sixty, and at said Hubbardston, and from said last mentioned day to the day of exhibiting this complaint, at said Hubbardston, did keep a certain dog, without said dog being then and there

licensed according to law, against the peace," &c. After a verdict of guilty in the superior court, where the case had been brought on appeal, the defendant moved in arrest of judgment, assigning the reasons stated in the opinion, and certain errors in the record of the magistrate before whom the complaint was made. The motion was overruled, and the defendant appealed.

*E. B. Stoddard*, for the defendant.

*Foster*, A. G., for the Commonwealth.

METCALF, J. This motion in arrest of judgment raises no question as to the validity of the proceedings or the record of the justice before whom the defendant was first tried and convicted. The only question is, whether the complaint is sufficient to sustain a judgment on the verdict which was found in the superior court.

The first objection now made to the complaint is, that it does not sufficiently allege that the dog was not licensed as the statute requires; that the words "without said dog being then and there licensed according to law," &c., do not constitute an allegation, in sufficient legal form, that the dog was not so licensed. But we are of opinion that this objection should not prevail. The *St.* of 1859, *c.* 225, § 9, on which this complaint is founded, imposes a forfeiture upon every person who shall keep "a dog not registered, numbered, described and licensed," as required by the first section of the same statute. And we think the allegation that the defendant kept "a dog without said dog being licensed," is of the same legal import and effect as would be an allegation that he kept "a dog not licensed," or "a dog not being licensed;" that the word "without" is a word of sufficiently positive negation. And so has it always been regarded.

In indictments and informations, under the English statutes, for keeping alehouses without license, and for selling ale and other liquors without license, the precedents contain the averment that A., "without any license," or "without being duly licensed," did keep a common alehouse, or did sell ale, &c. contrary to the form of the statute in such case made and provided. *Faulkner's case*, 1 Saund. 249. Nelson's Justice, (8th ed.) 16, 22

Archb. on Commitments and Convictions, 116    So under our *Sts.* 1852, *c.* 322, and 1855, *c.* 215, in complaints and indictments against persons for being common sellers, or for making single sales, of spirituous or intoxicating liquor, the form of allegation as frequently is that A. was a common seller, or did make sale, of such liquor " without having any license, appointment or authority," or " without being duly authorized," &c., as is the other form, viz: that A., "not having any authority," &c., was a common seller, or did make a sale, of such liquor.    And, in numerous instances, motions in arrest of judgment have been overruled, when the former of those allegations was found in the complaints or indictments.    See, among other cases, *Commonwealth* v. *Wilson*, 11 Cush. 412 ; *Commonwealth* v. *Clapp*, 5 Gray, 98 ; *Commonwealth* v. *Kingman*, 14 Gray, 85.    And under our earlier statutes concerning the sale of spirituous liquors, it was held that an indictment was sufficient which charged a party with being a common seller " without being first duly licensed therefor." *Commonwealth* v. *Tower*, 8 Met. 527.    See also *Commonwealth* v. *Odlin*, 23 Pick. 276, and *State* v. *Keen*, 34 Maine, 505.    So a motion in arrest of judgment was overruled in *Commonwealth* v. *Twitchell*, 4 Cush. 74, where the indictment alleged that the defendant did set up and promote a public exhibition, " without being first duly licensed therefor according to law." It is true that the precise objection now taken to this complaint does not appear to have been ever before presented to the court for adjudication; but we deem the objection groundless, as well on the rules of pleading as upon the precedents.    See 2 Burn's Justice (20th ed.) 469, 470. *Commonwealth* v. *Ober*, 12 Cush. 493.

The other objection to the complaint is, that it does not allege that the dog was not registered, numbered, described and licensed in the office of the clerk of the town of Hubbardston, where the defendant resided ; nor that the dog was not licensed in some other town where the defendant resided on the second day of May 1860.    But it was enough to allege (as we hold it to be sufficiently alleged) that the defendant kept a dog not licensed.    If he had caused the dog to be registered, numbered and

43 *

described, but not to be licensed, he would have incurred the statute forfeiture. And if, before going to Hubbardston, he had caused the dog to be licensed for a year from May 1st 1860, in some other town, where he resided, such license would have protected him from the statute forfeiture, for the whole time during which the complaint alleges that he kept the dog without being licensed. For *St.* 1859, *c.* 225, § 11, provides that no new license for a year from the 1st of May shall be required upon the removal of any licensed dog into any other town or city. Hence the allegation that the defendant kept the dog without being " then and there " licensed, negatives a license in any other town or city as fully as it negatives a license in Hubbardston.

*Motion in arrest overruled.*