THE CITY OF INDIANAPOLIS *v.* DOHERTY ET UX.

No. 7211.

NEGLIGENCE.—*Action Against City.*—*Injury Caused by Obstruction in Street.*—*Building Permit.*—*Instruction.*—*Proximate Cause.*—In an action by the injured party, against a city, to recover damages for injuries caused by the alleged negligence of the city in permitting the obstruction of a public street with building material, which was the means of precipitating the plaintiff from a buggy, while driving along such street in the night time, the court instructed the jury, that when a city "issues a building permit to use and obstruct a street, it is the duty of the corporate authorities to see to it that the persons whom she authorizes to use her streets shall properly guard and protect such obstructions; and, if she negligently fails to perform this duty, she is responsible to *one who is injured while properly using such streets,* and who is at the time exercising due care."

*Held,* that the instruction, though not fully connecting the injury with the negligence as the proximate cause, is not erroneous.

From the Marion Superior Court.

*C. W. Smith* and *R. O. Hawkins,* for appellant.

*B. K. Elliott* and *A. C. Ayres,* for appellees.

WORDEN, J.—This was an action by the appellees, against the appellant, to recover damages for injuries received by Margaret, who was the wife of Charles, caused, as was alleged, by reason of the negligence of the defendant in permitting one of the public streets of the city to become obstructed with brick, stone and lumber, whereby said Margaret was precipitated from her buggy and greatly injured, while driving along said street in the night time.

Issue; trial by jury; verdict and judgment in favor of said Margaret, for the sum of three thousand dollars.

On appeal from special to general term the judgment was affirmed. Errors were assigned at general term, upon the ruling at special term, in overruling a demurrer to the complaint, and in overruling a motion for a new trial.

The error assigned here questions the correctness of the decision below, in affirming the judgment.

No objection to the complaint is pointed out in the brief of counsel for the appellant. We therefore pass to the motion for a new trial.

It is insisted that the verdict was contrary to law, and not sustained by the evidence. We do not perceive that it was contrary to law, and we think it was sustained by the evidence. The evidence made out, or tended strongly to make out, every fact essential to the plaintiff's right of recovery.

It is also insisted that the court erred in giving the ninth instruction, as follows:

"When the city issues a building permit to use and obstruct a street, it is the duty of the corporate authorities to see to it that the persons whom she authorizes to use her streets shall properly guard and protect such obstructions; and, if she negligently fails to perform this duty, she is responsible to one who is injured while properly using such streets, and who is at the time exercising due care."

There is a slight verbal omission in the charge, in that it does not connect the injury with the obstructions of the street. But this could mislead no one. The charge evidently means, and must have been understood by the jury, as if the latter part had read as follows: " and if she negligently fails to perform this duty, she is responsible to one who is injured *by means of such obstructions*, while properly using such streets, and who is at the time exercising due care."

With this construction of the charge, we have no doubt of its correctness. It enunciates a principle that is well settled in this State. It is the duty of cities to keep their streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, and, in default of doing so, they are liable in damages to persons injured by the neglect; and this liability can not be escaped on the

ground that the persons using a part of the street for building purposes may themselves be liable to persons injured by the obstruction. It is the duty of the city to see that such obstructions are kept in such condition by barricades, lights, or such other means as may be necessary, as to render travel reasonably safe. *Grove* v. *The City of Fort Wayne*, 45 Ind. 429; *The Town of Centerville* v. *Woods*, 57 Ind. 192; *The City of Logansport* v. *Dick*, 70 Ind. 65.

The judgment below is affirmed, with costs.