City of Goshen v. Alford.

THE CITY OF GOSHEN v. ALFORD.

[No. 18,639.   Filed Oct. 26, 1899.   Rehearing denied Jan. 23, 1900.]

NEGLIGENCE.—*Personal Injuries.—Complaint.—Municipal Corporations.*—A complaint in an action against a city for personal injuries which alleges that defendant by its servants and agents made an excavation in a public street and left it uncovered and unguarded, and that plaintiff while traveling over the street, exercising due care, and having no knowledge of the existence of the excavation, fell into the same, and was injured, states a cause of action. *pp. 59, 60.*

SPECIAL VERDICT.—*Judgment.—Personal Injuries.—Municipal Corporations.*—A special verdict in an action against a city for personal injuries found that the city by its workmen and agents removed certain wooden hitching-posts along the line of a public street, and left a hole from two to four feet deep, and one foot wide, with perpendicular walls, unguarded, in front of the store in which plaintiff was employed; that plaintiff while walking from the store to the street, after dark, for the purpose of entering a carriage to go home, not knowing of the existence of the hole, stepped into it, and was injured. *Held*, that judgment was properly rendered in favor of plaintiff on the special verdict. *pp. 60-62.*

MUNICIPAL CORPORATIONS.—*Defective Streets.—When City Bound by Acts of City Marshal.*—Where in an action against a city for a personal injury caused by a hole left in a public street by the removal of a hitching-post by men employed by the city marshal, evidence that the city paid the men employed by the marshal for doing the work raises the presumption that the work was authorized by the city, and is sufficient to bind the city for injury resulting from the negligent manner in which the work was done. *pp. 63-66.*

APPEAL AND ERROR.—*Excessive Damages.*—A judgment against a city for personal injuries will not be reversed as excessive, where it cannot be said that the amount awarded indicated that the minds of the jurors were influenced by improper motives or feelings, or that they overestimated the amount necessary to compensate plaintiff for the injury he sustained. *pp. 66, 67.*

From the Elkhart Circuit Court.   *Affirmed.*

*E. E. Mummert, W. J. Davis, W. H. Charnley, A. S. Zook, C. C. Black* and *W. L. Stonex*, for appellant.

*E. A. Dausman, F. E. Baker* and *C. W. Miller*, for appellee.

City of Goshen *v.* Alford.

DOWLING, J.—This is an action for a personal injury alleged to have been sustained by the appellee by reason of the culpable negligence of the appellant in creating a nuisance on one of its streets. A demurrer to the complaint was overruled, and an answer in denial was filed. On motion of the appellant, the jury were directed to return a special verdict. Appellant's motions for judgment in its favor on the special verdict, and for a new trial were overruled. At the suggestion of the court, a *remittitur* of a portion of the damages awarded the appellee was entered of record by him, and judgment was rendered in his favor for the residue. Exceptions to the several rulings of the court were properly saved.

The errors assigned are, the decision of the court overruling the demurrer to the complaint, its refusal to render judgment for the appellant on the special verdict, and its denial of a new trial.

The complaint stated, in substance, that on the 7th day of November, 1895, the city of Goshen, by its servants and agents, opened and excavated a hole on the line of Washington street, at a point between Main and Fifth streets in said city, said Washington street being then and there one of the public streets of and in said city, and negligently left the same open, uncovered, and unguarded; that, in the nighttime, and while the plaintiff was traveling on, over, and upon said street, exercising due care, and having no knowledge of the existence of said pit and hole, without fault on his part, he fell into the same, thereby injuring himself, etc.

It was the duty of the appellant, the city of Goshen, to keep its streets in a reasonably safe condition for the use of the public by night as well as by day. If it disregarded this obligation, and by its servants or agents created a dangerous nuisance on one of its streets, and if, in consequence of such neglect, a person lawfully upon such street, exercising proper care, who had no knowledge of the existence of such nuisance, and who was himself free from fault, was

injured thereby, the city was liable. It appears from the averments of the complaint that the appellant did, by its agents and servants, create such a nuisance; that the appellee was ignorant of its existence; that he was exercising due care; that he was injured by the wrongful act of the city in leaving open and unguarded in the night-time a deep pit on one of its public streets, and that the appellee sustained such injury without fault on his part.

The statutes of this State gave to the common council of the city of Goshen control over the streets and alleys of that city, and whether it had the right to erect iron hitching-posts near the edge of the sidewalk or not, it certainly had the right to remove hitching-posts already there, if they had become obstructions to travel, or were rotten, unsightly, or unsafe. The charge in the complaint is that the city removed the wooden post and left the pit exposed. This averment rendered an allegation of notice to the city of the existence of the nuisance unnecessary. It was bound to take cognizance of a nuisance created by itself. The allegations of the complaint, that the appellee had no knowledge of the existence of the excavation or hole in the edge of the sidewalk, are not inconsistent with the other matters stated, and it cannot fairly be inferred from anything in the pleading that the appellee knew that the hole was there, or that it had been left in such a condition as to render the street unsafe.

There was here, to use the language of Lord Ellenborough, in *Butterfield* v. *Forrester*, 11 East 60, "An obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

In our opinion, the complaint was sufficient, and the demurrer to it was properly overruled.

In the next place, the appellant complains of the refusal of the court to render judgment in its favor upon the special verdict. Every fact essential to the recovery of the appellee is found by the special verdict, and none of the facts

City of Goshen v. Alford.

found is inconsistent with his right so to recover. Some of the facts found are, perhaps, evidentiary only, or are mere conclusions of law; but, disregarding every objectionable answer in the verdict, amply enough remains as we think to entitle the appellee to judgment.

The following is a summary of the facts so found: On and before November 7, 1895, the city of Goshen erected and maintained a line of wooden hitching-posts along the south side of Washington street, one of the public streets of that city; on said day said city, by its workmen and agents, proceeded to remove said posts, and to substitute iron posts in their stead; one of said wooden posts, which stood in front of a grocery store building occupied by one Hoffman, was so removed, and a hole from two to four feet deep, and one foot wide, with perpendicular sides, was left where the post had stood; on the evening of said day, the city of Goshen, by its workmen and agents, abandoned said work, leaving the said pit open, and without any barrier or signal of danger near it; said city also left at the same place some large stones surrounding said hole, and without barrier or danger signal; on said day, appellee was at work in said Hoffman's store as a salesman, and, at about 6 o'clock in the evening of said day, he walked from the store to the street in front thereof for the purpose of entering a carriage to be driven to his home; at that time it was dark, and drizzling rain; the sidewalk was about fifteen feet in width, and the hole, or pit, was within a few inches of its outer edge, and from five to ten inches below the top of the same; the appellee did not know of the existence of the said hole or pit, or of the stones surrounding it, or of any danger in that vicinity; appellee left said store and walked out to the street to enter the buggy, as a reasonably prudent man, under similar circumstances, would have done; he stepped into the hole with his right foot, and was thrown violently to the ground; in his fall appellee ruptured certain ligaments of his knee, dislocated and fractured his knee-cap, and sus-

tained other severe injuries external and internal; the place on said street, where appellee attempted to enter said carriage, was a proper one for the use of the public; the appellant was negligent in leaving the hole unguarded, and the pile of stones near to the same; appellee did not in any manner contribute to his injuries; he was making from $8 to $10 per week, and was a competent salesman; he has not been able to earn anything since he was injured, and his injuries are of a permanent character and will cause him great pain for the rest of his life; appellee expended $195 for medical attendance and services; on the day of the accident he knew that the old wooden posts were being taken out, and that iron posts were being put up in front of Hoffman's store; at the time of the accident there was no light from public lamps at the place where appellee was injured; he could not have seen the hole if he had looked for it; lamps were burning in Hoffman's store when the accident occurred, but the place where appellee was injured was not so lighted that a person using ordinary care and caution could have seen the hole and the stones; the work of erecting the hitching-posts was authorized and done by the order of the city council; the city marshal had knowledge of the hole before the accident occurred.

It will be seen that the special verdict finds that the work was done by the authority and order of the common council, so that, upon the consideration of the verdict, there can be no doubt as to the responsibility of the city for the existence of the hole in the street. Upon the facts so found, the court could not do otherwise than overrule appellant's motion, and render a judgment for appellee.

The last error assigned is the refusal of the court to grant a new trial. Questions as to the admissibility and competency of evidence are discussed by counsel for appellant, but upon a careful examination of the testimony so admitted and excluded we are of the opinion that the rulings of the court were correct. Neither can we discover any material

variance between the allegations of the complaint, touching the character and extent of the injuries sustained by the appellee, and the proof of the same.

Another of the grounds of the motion for a new trial is that the verdict is not sustained by sufficient evidence, and is contrary to law. The only question of real difficulty in this case arises upon the evidence as to the connection of the city with the nuisance causing the injury. The complaint directly charges, and the special verdict expressly finds, that the work of removing the wooden post, and leaving the dangerous hole or excavation in the street, were the acts of the appellant, the city of Goshen. The evidence given on this point was as follows: "Q. 1. You may state your name? A. John E. Rigney. Q. 2. What is your business? A. City marshal. Q. 3. How long have you been city marshal? A. A year and nine months. Q. 4 City marshal of what city? A. Goshen, Elkhart county. Q. 5. You was city marshal on the 7th day of November, 1895? A. Yes, sir. Q. 6. State what, if anything, you did with reference to removing, or causing to be removed, a line of wooden posts, hitching-posts, along the south side of Washington street in the city of Goshen? A. On the 7th day of November? Q. 7. Yes, sir, on the 7th day of November, 1895? A. Well, there was an old line of hitching-posts, or hitching-rack, that was partly broken down, and the posts, two of them, at the west end, had rotted off, and fell into the gutter, and they had laid that way quite awhile, so, I was talking with Wilhide and Neidig, and told them we had some iron hitching-posts, and asked them if it wouldn't be a good idea to put them in there. Q. 8. Who is Wilhide and Neidig? A. City councilmen. Q. 9. Of the city of Goshen? A. Yes, sir. Q. 10. Was Wilhide on the committee of streets, and alleys, and sidewalks? A. That I couldn't say. Q. 11. Well, you consulted with Wilhide and Neidig with reference to this matter? A. Yes, sir. Q. 12. And then what did you do with reference to

removing these old wood posts, did you cause them to be removed? A. Yes, sir. Q. 13. Did you employ men for that purpose? A. Yes, Jacob Ogle and William Brown. Q. 14. Did you go round there, yourself, to see whether this work was being done? A. Yes, sir. Q. 15. Do you know that the work was done by these men that you employed? A. Yes, sir. Q. 16. For whom did you employ these men? A. I didn't say at the time who employed them. I just told them. Q. 17. They weren't working for you personally? A. Working for me? Q. 18. As marshal of the city? A. Yes, sir. Q. 19. They were working for the city? A. That is where they got their pay. Q. 20. After they did this work, you made out a bill for their labor? A. Yes, sir. Q. 21. And OK'd the bill as marshal of the city? A. Yes, sir. Q. 22. And the bill was paid by the city? A. Yes, sir."

If there was no evidence here except that the city marshal caused the work to be done, and the post to be removed, after consultation with two members of the city council, we would feel compelled to decide that the city was not responsible for the unauthorized act of the marshal. It is said in *Cook* v. *City of Anamosa*, 66 Iowa 427, 23 N. W. 907: "There was evidence tending to show that the city marshal was informed, a few days before the accident, of the defect in the walk, but no steps were taken by the city to repair the walk until after the injury occurred. * * *

"The marshal was not charged either by statute or ordinance with any duty with reference to the inspection or repair of streets or sidewalks. By an ordinance of the city it was made the duty of the street committee to examine the sidewalks and they were empowered to order that any sidewalk be repaired by the property owner on whose property it abutted, and they had authority to direct the marshal to notify the property owners to make the repairs which they ordered. But he was not charged with any duty or clothed with any power, either to make repairs or determine that

City of Goshen *v.* Alford.

any should be made. He was simply a peace officer, having power to make arrests, and to serve such writs and execute such processes as should be directed to him.  *  *  *  The city would undoubtedly have been affected by any notice of the defect given to its mayor, for he is its executive officer, and is clothed with general executive powers. It would likewise have been affected by notice to its council, for that body is charged with the duty of making provision for the repairs and improvements of its streets and walks; and, as the duty to inspect the sidewalks and order their repair was specially imposed upon the street committee, the city would doubtless have been affected with any notice of the defect, which had been given to that committee, or the individual members of it. But we think the circuit court correctly held that it was not affected by the notice given to the marshal.

"That officer, as we have seen, was charged with no duty with reference to the matter. He was not required, in the discharge of any of his official duties, to repair the defect; nor had he any power to order such repair to be made by any other person; nor was he required, in the discharge of any official duty, to communicate to the mayor, or council, or street committee, the information which he had received concerning the defect. It cannot be said, then, that he was negligent in not communicating it, nor can the city be charged with negligence because of his failure to take any action with reference to it."

But the question here is not one of notice to the city, through its marshal or members of its common council, but whether the removal of the post and the leaving open the hole and excavation were the acts of the city, or of its agents, for whose torts it is responsible.

The general statute for the incorporation of cities makes the marshal the chief ministerial officer of the corporation. §3510 Burns 1894, §3075 R. S. 1881 and Horner 1897.

If required to do so by the common council, or by the

mayor, or committee on streets, properly authorized there-
unto, it would become his duty to remove an obstruction
from a street, and such obstruction might consist of a hitch-
ing-post, or a decayed hitching-rack. In this case, the mar-
shal did perform a ministerial act on the part of the city, and
did it in such a negligent manner that a nuisance was created,
resulting in an injury to the appellee. The bill of expenses
for the work was made out and approved by the marshal, was
presented to the proper city authority, and was paid by the
city.

Under these circumstances, we must presume that the
act of the marshal, in employing laborers and directing
them to remove the posts, was authorized by the common
council, or by its committee on streets, and, therefore, that
the city became responsible for the injury resulting from
the negligent manner in which the work was done. The
fact that the men employed by the marshal were paid by
the city for doing the work was neither denied nor explained.
If the marshal had been acting without authority, it is not at
all probable that the city would have paid a bill incurred
by him without the knowledge of the mayor, or common
council, or street committee. We cannot escape the con-
clusion that the payment of the bill for this work by the
city implied the previous authorization of the marshal to
employ the laborers, and to cause the work to be done. In
our opinion, the evidence is sufficient to sustain the verdict.

The last point made on behalf of the appellant is, that the
damages are excessive. While the amount assessed was
large, it must be borne in mind that the injuries of the
appellee were very serious, and were shown to be permanent
in their character. The jury found by their special verdict
that the appellee was disabled from performing manual
labor, and that he would suffer great physical pain the re-
mainder of his life. We cannot say that the amount allowed
him indicates that the minds of the jurors were influenced
by improper motives or feelings, or that it is evident that

they overestimated the amount necessary to compensate the appellee for the injury he sustained.

We are of the opinion that the court did not err in requiring the appellee to enter a *remittitur* of a portion of the damages assessed by the jury, and, upon such entry being made, overruling the motion for a new trial. It is said that *remittiturs* are favored by the courts. *Howard* v. *Grover*, 28 Me. 97. The practice has been recognized by the courts as a proper one from an early day. Cro. Car. 192; 16 Am. & Eng. Ency. of Law, p. 593, note 2. And a new trial may be refused in actions *ex delicto*, if the plaintiff remits damages to such an amount as the court deems proper. *Idem* p. 593, note 4, and cases cited.

Finding no error in the record the judgment is affirmed.

Baker, J., was absent.