## CITY OF LAPORTE *v.* HENRY ET AL.

[No. 6,375. Filed February 4, 1908.]

1. PLEADING.—*Answer.*—*Municipal Corporations.*—*Authorizing Obstructions in Streets.*—In an action against a city for damages caused by an obstruction in a street, an answer that such city had authorized, by ordinance, a building contractor to place obstructions in such street, and that such contractor had so placed such obstruction, is insufficient, cities being required to see that such obstructions are properly guarded. p. 199.

2. EVIDENCE.—*Ownership.*—Testimony that plaintiffs purchased the hack and horse in controversy and still had them; that they purchased the mare and kept her until April, and that the harness was their best harness, where uncontradicted, sufficiently shows plaintiffs' ownership of such property, mere possession being *prima facie* sufficient. p. 199.

3. TRIAL.—*Instructions.—Duplication.*—It is not erroneous to refuse instructions requested, which are substantially covered by those given. p. 200.

4. SAME.—*Instructions.—Inapplicability to Evidence.—Loss of Use of Injured Horses.—Medical Expenses.*—An instruction, in an action against a city for injuries to horses caused by the obstruction of a street, that the jury should not consider the loss of the use of the horses or the expense of medical attention, is inapplicable, where evidence as to such matters had been excluded on the trial. p. 200.

5. APPEAL.—*Weighing Evidence.—Contributory Negligence.—Defective Streets.*—Whether the driver of a hack who permits the lights on his hack to become extinguished, and who makes no effort to relight them is guilty of contributory negligence in driving upon an obstructed street which has no danger signals displayed, is a question for the jury; and its verdict is conclusive on appeal. p. 200.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by Daniel M. Henry and another against the City of Laporte. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Lemuel Darrow* and *H. W. Worden,* for appellant.

*A. J. Hickey* and *Norman F. Wolfe,* for appellees.

ROBY, C. J.—Action by appellees against the city of Laporte, and one Struss, as to whom the case was dismissed, for damages alleged to have been sustained by reason of an injury to a team of horses, a hack and a set of harness; the injury being occasioned by unguarded and unprotected obstructions—building materials—in a street in said city, through which appellees' servant drove the team, attached to the hack, on a dark night. The complaint was in one paragraph, to which a demurrer was filed and overruled. An answer was filed in two paragraphs: (1) a general denial; (2) matters by way of justification. A demurrer to the second paragraph of answer was sustained, the cause was tried by a jury, and a verdict returned in favor of appellees for $500, upon which judgment was rendered.

Nine errors are relied upon and discussed by appellant. The first three are: That the complaint does not state facts

sufficient to constitute a cause of action, that the demurrer to the complaint should have been sustained, and that the demurrer to the appellant's second paragraph of answer, which alleged that the obstructions were permitted in the street under a city ordinance, should have been overruled. The fact that the city had passed an ordinance authorizing contractors to place building materials, etc., in the street, does not absolve the city from liability. *Senhenn* v. *City of Evansville* (1895), 140 Ind. 675; *City of Indianapolis* v. *Doherty* (1880), 71 Ind. 5. The negligence complained of in this action is not the negligence of the city in permitting the obstructions to remain in the street, but in permitting them to remain unguarded and unprotected. "It is the duty of cities to keep their streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, and, in default of doing so, they are liable in damages to persons injured by the neglect; and this liability cannot be escaped on the ground that the persons using a part of the street for building purposes may themselves be liable to persons injured by the obstruction. It is the duty of the city to see that such obstructions are kept in such condition by barricades, lights, or such other means as may be necessary, as to render travel reasonably safe." *City of Indianapolis* v. *Doherty, supra.*

The fourth error alleged was the overruling of appellants' motion to instruct the jury to find for the appellant, it claiming that the evidence did not show appellees' ownership of the horses, harness and hack. There was evidence by Daniel M. Henry, one of the appellees, however, that they had purchased the hack of a firm in Ravenna, Ohio, for $1,200, and that they still had it; that they bought one of the horses in Laporte of Frank Mann, and still had him; that they bought the mare of Joe Reed, near Otis, Indiana, for $165, and kept her until April, 1905; that the harness was their best harness. Ownership of personal property may be established by acts of ownership, as well as by

direct testimony, possession being *prima facie* proof of such ownership. *Fish* v. *Skut* (1856), 21 Barb. 333; Abbott, Trial Brief on the Facts (2d ed.), 519. Where there is no contradiction of ownership, slight evidence to that fact is sufficient.

The fifth error assigned is the overruling of appellant's motion for a new trial, which it is claimed should have been sustained, (1) because evidence of the ownership of the property was not introduced; (2) because the court refused to give instructions requested. Six instructions refused were embodied substantially in other instructions given by the court, which it is unnecessary here to set out. It was not, therefore, error to refuse them. *Hinshaw* v. *State* (1897), 147 Ind. 334. An instruction that the jury should not take into consideration the loss of the use of any of the articles by reason of the injury, or the expense of medical attention for the horses, was properly refused, evidence of such facts having been refused when offered. Inapplicable instructions should not be given. *Spencer* v. *Board, etc.* (1889), 117 Ind. 573.

The remaining errors assigned relate to the sufficiency of the evidence. There was evidence that the lights on the hack went out, and that the driver did not try to relight them. Whether he was contributorily negligent is a question for the jury, and by their general verdict they found that he was not.

Judgment affirmed.