## CITY OF LAPORTE v. OSBORN.

[No. 6,326. Filed January 14, 1909.]

1. NEGLIGENCE.—*Elements.*—*Complaint.*—Actionable negligence consists of three elements, (1) a duty from defendant to protect the plaintiff, (2) a violation of such duty by defendant, and (3) resulting injury to the plaintiff; and these elements must be shown in a complaint, by direct averments. p. 103.

2. PLEADING.—*Complaint.*—*Municipal Corporations.*—*Obstructions of Streets.*—A complaint showing that the plaintiff, a traveler, was injured upon a street, sufficiently shows that such city owed him a duty to exercise ordinary care to keep its streets in a safe condition. p. 103.

3. MUNICIPAL CORPORATIONS.—*Streets.*—*Safety.*—It is the duty of a city to keep its streets in a reasonably safe condition. p. 103.

4. PLEADING.—*Complaint.*—*Municipal Corporations.*—*Streets.*—*Obstructions.*—*Lights.*—A complaint alleging that defendant city negligently permitted a certain obstruction to remain in a certain street "without placing around, or at the same, any safeguards, railing or lights," shows, by direct averment, the want of lights at such obstruction. p. 103.

5. PLEADING. *Complaint. Sufficiency.*—A complaint, under §343 Burns 1908, §338 R. S. 1881, is sufficient if it states the facts con-

stituting the cause of action in plain and concise language and "in such manner as to enable a person of common understanding to know what is intended." p. 103.

6. WORDS AND PHRASES.— "*Without.*"— *Complaint.*— The word "without" imports a positive negation; and an allegation that a dangerous obstruction was permitted "without" any lights, directly avers the absence of lights. p. 104.

7. PLEADING. — *Complaint.* — *Municipal Corporations.* — *Defective Streets.*—*Proximate Cause.*—A complaint alleging that defendant city negligently permitted certain obstructions to remain, without signal, in a street, and that plaintiff, at night, and "without being able to see" the same "by reason of the darkness," drove against the same, frightening his horses and causing them to run away, to his injury, shows that the city's negligence was the proximate cause of the injury. p. 104.

8. PLEADING.—*Complaint.*—*Recitals.*—An averment that the plaintiff was not able to see the obstruction in question "by reason of the darkness of the night," does not show that the night was dark. p. 104.

9. PLEADING. — *Complaint.* — *Municipal Corporations.* — *Defective Streets.*—*Darkness.*—A complaint alleging that the plaintiff drove against an obstruction in the street at night, sufficiently shows that it was dark at the time. p. 105.

10. APPEAL.—*Affirmance with Damages.*—The Appellate Court has the right to assess damages in the affirmance of a case. p. 105.

From Laporte Circuit Court; *John C. Richter*, Judge.

Action by Arthur E. Osborn against the City of Laporte. From a judgment on a verdict for plaintiff for $500, defendant appeals. *Affirmed.*

*H. W. Worden*, for appellant.

*Frank E. Osborn, William A. McVey* and *Lee L. Osborn*, for appellee.

RABB, J.—This was an action brought by the appellee to recover damages for a personal injury alleged to have been sustained by him through the negligence of the appellant in failing to discharge its duty in keeping its streets in a reasonably safe condition for travel.

Appellant's demurrer to the complaint was overruled, issues were formed, and a trial had, resulting in a verdict and judgment in favor of appellee.

The sole question presented by the appeal arises upon the action of the court below in overruling appellant's demurrer to appellee's complaint.

The substantive averments of the complaint are that Patton street is a public street within the corporate limits of the defendant city; that the city wrongfully and negligently authorized and suffered to be placed in and across said street, a large quantity of building material; "that on the night of June 10 and morning of June 11, 1904, and for a long time previous thereto, said defendant negligently and carelessly, and with full knowledge of the existence thereof, permitted the same to remain there 'without' placing around, or at the same, any safeguards, railing or lights, to give notice of such dirt, sand, etc., to prevent persons who might walk or drive upon said parts of the street from falling upon, over and against said obstructions;" that "this plaintiff, upon the night of said June 10, 1904, to wit, at or about 2 o'clock a. m. of June 11, was lawfully driving a pair of horses attached to a four-wheeled cab or hack, over and along said Patton street, in the vicinity of said obstruction, and without any notice or knowledge thereof, and without being able to see the same by reason of the darkness of the night, when, without negligence, and in the use of all due care, on the plaintiff's part, and by reason of the negligence and unlawful acts of the defendant as aforesaid, said pair of horses stumbled against and ran against, on and over said obstructions, thereby breaking the tongue of said vehicle, injuring and frightening said horses so that in consequence thereof they became unmanageable and ran a distance of one block, when they made a sharp turn, and this plaintiff, by reason thereof, was hurled from the driver's seat of said hack to the roadway, and then and there injured."

Appellant correctly states that there is involved in every action of negligence three essential elements: (1) The ex-

istence of a duty on the part of the defendant to protect the plaintiff; (2) the failure of the defendant to perform that duty; (3) a resulting injury to plaintiff therefrom—and the existence of each of these elements must appear by direct averment in order to make a complaint to recover damages for injuries alleged to have been suffered from an act of negligence on the part of the defendant sufficient, and the criticism urged against the complaint in this case is that it does not, except inferentially and by way of recital, sufficiently aver these elemental facts.

The complaint plainly and directly avers that the place where appellee was injured was a public street of the city, and he at the time was a traveler thereon. This sufficiently shows a duty owing by the appellant to the appellee. It was the duty of the city to keep its public streets in a reasonably safe condition for travel, a duty which it owed to the public generally. It does directly aver that the city wrongfully and negligently authorized and suffered large quantities of building material to be placed in the streets of the city, and to remain there after night, and the averments of the complaint are that this building material was suffered and permitted to remain in the street after night, "without placing around it, or at the same, any safeguards, railings or lights, to give notice of such dirt, sand," etc.

It is appellant's contention that the averment, "without placing around it," etc., is a mere recital, and therefore is not to be considered in determining the sufficiency of the complaint. In this appellant is clearly mistaken. The term "without" is a direct averment that no guards or lights were placed around the obstruction.

The statute (§343 Burns 1908, §338 R. S. 1881) requires only that a complaint shall be couched in plain and concise language, and in such manner as to enable a person of common understanding to know what is intended. No one of common understanding could

misunderstand or be misled by, the statements in this complaint upon the subject of the guards and the lights; and the word "without" is a word of sufficiently positive

6. negation to make the allegation of the same legal import and effect as though it had been stated that no guards or lights were placed on or around the obstruction.

In the case of *Commonwealth* v. *Thompson* (1861), 84 Mass. 507, the defendant was prosecuted for keeping a dog, such dog not being licensed. It was there held that the word "without" was a positive and direct averment that the dog in question was not licensed. To the common understanding the meaning of the word "without" and the phrase "not being" are synonymous. It thus appears that the defendant negligently failed to perform its duty to keep the street in a safe condition for travel.

But it is contended that, except as a matter of inference and recital, it does not appear from the complaint that the obstructions and the negligence complained of in fail-

7. ing to keep a warning light upon the obstructions, or a guard around them, were the proximate cause of the appellee's injury. The averment in this respect is that while the plaintiff was driving a team of horses attached to a hack along the street, at 2 o'clock in the morning, without knowledge of the obstructions, and without being able to see the same by reason of the darkness of the night, the horses ran against the obstruction. The criticism is that all that follows the word "without" is a mere recital, and that there is no direct averment that the night was dark, and that it was on account of the darkness of the night that appellee's horses ran against the obstruction.

What we have already said disposes of appellant's criticism with reference to the word "without." It is true that the averment that appellee was not able to see the

8. obstruction by reason of the darkness of the night is not equivalent to a direct averment that the night

was dark, but excluding from the averment the recital "by reason of the darkness of the night," the complaint still sufficiently avers that because appellee was without knowledge of the obstructions and unable to see the same, and by reason of the negligent acts of the appellant, as aforesaid, and without negligence on appellee's part, the horses stumbled against and ran over such obstructions. The facts averred in the complaint show that the accident occurred in the night-time, and that was sufficient. It was unnecessary to aver that the night was dark.

In the case of *City of Goshen* v. *Alford* (1900), 154 Ind. 58, it was held that a complaint alleging that the servants of the city excavated a hole on the line of Washington street, and negligently left the same open, uncovered and unguarded; that in the night-time, while plaintiff was traveling on and over said street, exercising due care and having no knowledge of the existence of the hole, without fault fell into the same, thereby injuring himself, was sufficient.

It is therefore abundantly shown by direct averments of the complaint that the appellee's injuries were proximately caused by the negligence complained of. *City of Laporte* v. *Henry* (1906), 41 Ind. App. 197.

10. The judgment is affirmed, with five per cent damages.